Henry Clay HUGHES, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–375.

Court of Criminal Appeals of Oklahoma.

May 21, 1974.

Rehearing Denied June 19, 1974.

Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Henry Clay Hughes, Jr., hereinafter referred to as defendant, was charged, tried and convicted by jury in Oklahoma County District Court, Case No. CRF–72–2242, for the crime of Unlawful Possession of a Controlled Substance, to-wit: Codeine. His sentence was fixed at five (5) years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

The only issue raised on appeal is the validity of a search of the defendant's person incident to his arrest for Reckless Driving and Failure to Produce a Valid State Driver's License. The sole question to be determined by this Court is whether or not a complete personal search is constitutionally permissible when incident to a valid, full custody arrest. Heretofore, the cases raising illegal searches as a foundation for appeal have been handled on a case by case basis with each case being determined according to its individual facts. As a result of widely varying factual circumstances, this approach has left the question presented here in a state of some confusion.

The fact situation before this Court is not complex. Defendant was stopped in his car by a police patrolman because of excessive speed and reckless driving occasioned by crossing the centerline, then weaving to the opposite side of the road to the extent of running off the road. The defendant was arrested for Reckless Driving and Driving Without a Valid State Driver's License. He was handcuffed and placed in custody. The police officer then proceeded to search the defendant by putting his hands into defendant's pockets. A bottle containing Codeine pills was found and became the basis of the present conviction. The defendant argues that this search was improper and contrary to the Oklahoma State Constitution, Article 2, § 30, which provides:

> "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; . . ."

The defendant's reasoning is based on Oklahoma cases that present the theory that a search of an arrestee in this situation is limited to a "pat-type" search for weapons only, since there are no "fruits" of the crime of Reckless Driving or of Driving Without a Valid Operators License. The State distinguishes each of the defense counsel's supporting authorities by differentiating their factual circumstances from the present situation. Then the State supports its own position with Oklahoma authority upholding searches incident to valid arrests.

 From both the defendant's cited Oklahoma authority and the Oklahoma authority cited by the State, four principles of law are apparent. (1) "Ordinarily, a minor traffic violation will not support a search and seizure." Lawson v. State, Okl.Cr., 484 P.2d 1337 (1971), Syllabi No. 1. (2) Incident to a valid arrest, the arrestee may be searched. Hampton v. State, Okl.Cr., 501 P.2d 523 (1972). (3) The search is limited by requiring one or both of the following justifications or purposes: (a) to discover and seize any weap-

on; (b) to discover and seize evidence of the crime for which the defendant was arrested. Hampton v. State, supra; Lawson v. State, supra; Ricci v. State, Okl.Cr., 506 P.2d 601; Mahan v. State, Okl.Cr., 508 P. 2d 703 (1973). (4) If, in the process of searching for evidence of the crime for which the defendant was arrested, other evidence is obtained, it also may be used against defendant at trial. Hampton v. State, supra. The language of these cases, having been geared to fit each individual factual circumstance, developed law inferring that any evidence sought, must be of the crime for which the arrest was made. This principle does not apply in our present situation, where the search went beyond a search for weapons, but could not have been justified by possible fruits of the crime for which the defendant was arrested.

We must, therefore, turn to the provisions of our Constitution and to the provisions of the United States Constitution, as interpreted by the Supreme Court of the United States. Article 1, § 1 of the Oklahoma Constitution provides:

"The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land."

Article 2, § 30 of the Oklahoma Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The Fourth Amendment to the Constitution of the United States, provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

and particularly describing the place to be searched, and the persons or things to be seized."

Article 3, § 1 of the Constitution of the United States provides, in pertinent part:

"The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. . . ."

Article 3, § 2 of the Constitution of the United States provides, in pertinent part:

"The judicial Power shall extend in all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, . . ."

■ It is fundamental, not only under the Constitution of the State of Oklahoma, Article 1, § 1, that the Constitution of the United States, as interpreted by the Supreme Court of the United States by the power invested in them under the provisions of Article 3, § 1, supra, is made obligatory upon the State by our Constitution and the interpretation of the Fourth Amendment of the Constitution of the United States by the Supreme Court of the United States is also made obligatory upon the States by virtue of the Fourteenth Amendment.

The provisions of Article 2, § 30 of the Oklahoma Constitution relating to search and seizure, and the Fourth Amendment of the Constitution of the United States, are identical.

It is, therefore, elementary that we must turn to the decisions of the Supreme Court of the United States in interpreting the Fourth Amendment of the Constitution in determining the legality of the search and seizure here involved, notwithstanding any prior decision of this Court.

Recently, the United States Supreme Court has clarified this issue in United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and its companion case, Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). Gustafson v. Florida, supra, is very similar

to our case. It involved the arrest of a driver who could not produce an operator's license. The defendant, in *Gustafson,* was then searched and marihuana, which was the basis of his conviction, was discovered.

■ These two cases emphasize that since the first case enunciating the exclusionary rule for the violation of Fourth Amendment rights, Weeks v. United States, 232 U.S. 383, 34 S.Ct. 241, 58 L. Ed.2d 652 (1914), the law has been settled, and the validity of searches incident to a lawful arrest has been upheld. While both *Robinson* and *Gustafson* recognize that the search is "based upon a need to disarm and to discover evidence," these cases also hold that the authority to search does not depend on a subsequent court decision that no such need existed. *Robinson* rejects the theory:

> ". . . that there must be litigated in each case the issue of whether or not there was present one of the reasons supporting the authority for a search of the person incident to a lawful arrest. We do not think the long line of authorities of this Court, dating back to Weeks, nor what we can glean from the history of practice in this country and in England, requires such a case by case adjudication."

*Robinson* further expressly holds that the only justification necessary for a thorough personal search is a custodial arrest based on probable cause.

> "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."

United States v. Robinson, supra, 414 U.S. at 235, 94 S.Ct. at 477, 38 L.Ed.2d at 440 through 441.

In relying on *Robinson,* the *Gustafson* case held:

> "In addition, as our decision in Robinson makes clear, the arguable absence of 'evidentiary' purpose for a search incident to a lawful arrest is not controlling."

■ Adopting the reasoning of *Robinson* and *Gustafson,* it is the opinion of this Court that a full personal search incident to a valid, custodial arrest, based on probable cause, does not require further justification, and does not violate Article 2, § 30, of the Oklahoma Constitution, and all cases in conflict with this opinion and the opinions of the Supreme Court in *Robinson* and *Gustafson,* are expressly overruled.

■ In the case before us, probable cause is shown for the arrest of the defendant, and consequently the resultant search was reasonable and proper. Therefore, it is the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, Presiding Judge (specially concurring).

I specially concur in this opinion, long overdue in this and other Courts.

BRETT, Judge (specially concurring):

While I concur in this decision, I do so only because of the pronouncements of the United States Supreme Court in United States v. Robinson, supra, and Gustafson v. Florida, supra. I note also that neither of those decisions, nor this decision, makes entirely clear what constitutes a "custodial arrest," except as it appears in footnote 2 to the *Robinson* decision, wherein it discusses the evidentiary hearing testimony offered by Sergeant Dennis C. Donaldson, a Division Instructor, when he defined the "full custody arrest." The footnote recites in part: ". . . when a police officer makes 'a full custody arrest' which he [Donaldson] defined as where an officer 'would arrest a subject and subsequently

transport him to a police facility for booking,' the officer is trained to make a full 'field type search'. . . ." 414 U.S. at page 221, 94 S.Ct. at page 470, 38 L.Ed.2d at page 433.

Consequently, I interpret this Court's statement, " . . . that a full personal search incident to a valid, custodial arrest, based on probable cause, does not require further justification, and does not violate Article 2, § 30, of the Oklahoma Constitution, . . ." applies only to those violations which would otherwise authorize the arresting officer to make a full custodial arrest for the purpose of booking and jailing the person arrested; and that such does not apply to minor traffic violations under municipal ordinances, and state statutes which generally provide for the issuance of a citation. Admittedly, driving without a proper operator's permit is an offense for which one may be arrested and incarcerated.

It should be noted also that footnote 6, to the majority decision in *Robinson*, states:

"The majority opinion of the Court of Appeals also discussed its understanding of the law where the police officer makes what the court characterized as 'a routine traffic stop,' i. e., where the officer would simply issue a notice of violation and allow the offender to proceed. Since in this case the officer did not make a full custody arrest of the violator, *we do not reach the question discussed by the Court of Appeals.*" 414 U.S. at page 236, 94 S.Ct. at page 477, 38 L.Ed.2d at page 441. (Emphasis added.)

Finally, I do not subscribe to the broad sweeping statement of this Court's decision which states, " . . . all cases in conflict with this opinion and the opinions of the Supreme Court in *Robinson* and *Gustafson*, are expressly overruled." As I view the subject, *Robinson* and *Gustafson* have left too much undecided to warrant such a broad statement. Otherwise, I concur.