Randall Dewayne KING, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–900.

Court of Criminal Appeals of Oklahoma.

April 1, 1977.

Mike Millstead, Norman, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The Appellant Randall Dewayne King, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the offense of Unlawful Possession of Marijuana With Intent to Distribute in the

District Court of Kiowa County, Case No. CRF–75–36. Punishment was assessed at a term of two (2) years under the direction and control of the Department of Corrections of the State of Oklahoma and a One Thousand Dollar ($1,000.00) fine. The trial court subsequently suspended one year of the sentence. The defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows, to-wit: William J. Cavney, forensic chemist for the Oklahoma State Bureau of Investigation testified that he analyzed the contents of two small bags and a larger bag of green leafy substance and that it was his opinion that the bags contained marijuana. He further stated that the bags totaled approximately one-half pound which would amount to approximately 15 "lids" and would make approximately 480 cigarettes based upon one-half gram per cigarette. He further testified that his record reflected that the evidence envelope had been submitted to the laboratory by a Kiowa County deputy.

Kiowa County Undersheriff Anthony Pitt then testified that he and another deputy were traveling on Highway 9 near Gotebo shortly before midnight on October 9, 1975, when a Chevrolet van passed them at a high rate of speed. At that time they were notified by radio concerning a reported burglary in progress in Hobart and passed the van finding it necessary to attain a speed of between 75 and 85 miles per hour. They were then advised to disregard the call and slowed down to approximately 55 miles per hour. The van again passed them at a high rate of speed in a no passing zone. The van continued to travel in excess of 90 miles per hour and would not respond to flashing red lights and siren. When the van stopped for a stop sign at a highway junction, the officers' vehicle pulled up beside the van with emergency equipment still on. Pitt rolled down his window and advised the driver "Sheriff's Office, pull your van over, you are under arrest for reckless driving." The defendant made no response and turned south. The officers followed. Pulling up beside the van, Pitt observed the defendant reaching down toward the floor board and toward the back. The van was subsequently forced off the road. Pitt asked the defendant to step from the van advising that he was under arrest for reckless driving. When the defendant told the officer to "go to hell", Pitt opened the van door and forcibly removed him. The defendant's person was searched and two bags of green leafy substance were found tucked into the tops of his boots. Each bag was identified and admitted into evidence. The officers then conducted an inventory search of the van and found a typewriter case immediately behind the driver's seat. A larger bag of green leafy substance was removed from the case along with a manicure set which the officer stated was of a type used to trim the stems from marijuana plants. The case also contained a large number of clear plastic bags and green leafy residue was found in the bottom. Next to the case was found a pair of triple beam balance scales.

After a search warrant was obtained a shoe box found in the van was discovered to contain a note which Pitt described as:

"This has the name of Randy at the top of it; the first item is lids, $24.00, the letters T. W., $130.00, T. H. C. $35.00. On the back of it, it has IOU T. B. $157.00."

The shoebox also contained a dram scale which Pitt described as reading:

"60 minimals equal one dram. 8 grams equal one ounce, 16 ounces equal one pound, and back up here 480 minimals, 16 ounces, equal 1 pound equals 7,680 minimals equal $15.19 per drop."

Officer Pitt further testified that he placed the three bags of green leafy substance in an OSBI envelope along with a request for analysis and took them to the OSBI at Lawton and placed them in the evidence drop vault. The state then rested.

The defendant's father Darrell King then testified that his son was twenty-five years of age and was living in the family home at the time of the arrest. He further testified that his son made approximately $6,000.00 a year farming, and did not to his knowledge have a van. The witness had never seen anything around the home which resembled

the exhibits admitted into evidence. The defendant's mother then testified and her testimony was essentially the same as her husband's. Officer Pitt was then recalled as a defense witness and testified that the van had been impounded by authorities and had been picked up by a local savings and loan association and that he did not know who owned the van. Three character witnesses then testified that the defendant had a reputation in the community for being a moral, law abiding citizen and that they had no personal knowledge as to whether the defendant owned a van. The defense then rested.

The defendant's first assignment of error urges that the trial court erred as a matter of law by overruling the defendant's motion to suppress evidence which was obtained through the use of an illegal search. The particular fact situation involved herein shows that there were three separate searches. The first was the search of the defendant's person following his arrest.

■ In *Hughes v. State,* Okl.Cr., 522 P.2d 1331, this Court citing *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, and its companion case, *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456, held that a full personal search incident to a valid, custodial arrest, based upon probable cause, does not require further justification. In the instant case the defendant had twice been clocked at a high rate of speed, had been observed to pass in a no passing zone on a hill and had refused to stop when ordered to do so by the officers. The officers were justified in taking the defendant into custody and the subsequent personal search was proper.

■ The inventory search of the vehicle was also proper since it was made incident to a valid custodial arrest. *Brantley v. State,* Okl.Cr., 548 P.2d 675, and *Fruit v. State,* Okl.Cr., 528 P.2d 331. The inventory search was reasonable under the circumstances since the van would have otherwise been left unattended on a dark country road.

The third search was pursuant to a search warrant which the defendant did not attack at trial or on appeal. There is nothing in the record to indicate fundamental error concerning the issuance or exercise of the warrant and it will not be further considered herein. For all the reasons set out above the defendant's first assignment is without merit.

■ The defendant's second and third assignments of error contend that the trial court erred in failing to sustain the defendant's demurrer to the evidence and that the jury verdict was totally unsupported by the evidence. Again we must disagree. The evidence shows that the defendant was found with approximately one-half pound of marijuana, enough to make 480 cigarettes, on or near his person; that he had dominion and control over delicate scales, tools often used to trim marijuana stems and large numbers of baggies used to package "lids"; and that what appeared to be a business receipt and price list with the name "Randy" written on it was found in the shoebox. The defendant was the only person in the van.

The evidence certainly supports the conviction. See *Chasteen v. State,* Okl.Cr., 551 P.2d 1171. It is the exclusive province of the jury to weigh the evidence and determine the facts, and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty the case will not be reversed on appeal on the contention that the evidence is insufficient. *Brewer v. State,* Okl.Cr., 452 P.2d 597.

■ The defendant's next assignment of error contends that the trial court committed reversible error in failing to give an instruction on the lesser included offense of simple possession of marijuana. Again we disagree.

In *Swenson v. State,* Okl.Cr., 525 P.2d 1395, this Court, citing *Palmer v. State,* Okl.Cr., 327 P.2d 722, held that if there be no evidence whatever to refute the allegations of the information then the defendant would not be entitled to an instruction that would permit the jury to find the defendant

guilty of the lesser included offense. An instruction on a lesser included offense must be justified by the evidence presented. In the instant case there was no evidence whatsoever tending to prove that the marijuana seized during the various searches was for the personal use of the defendant. The defendant was in sole possession of the van with sale paraphernalia and an apparent business receipt in close proximity to the driver's seat and the defendant was seen reaching down and around the seat while driving. A simple possession instruction is not justified by the evidence presented since only one inference could be drawn from the evidence presented. See *Atterberry v. State,* Okl.Cr., 555 P.2d 1301 (1976).

The defendant's next assignment of error urges that the trial court erred in overruling the defendant's challenge of prospective jurors for expressed and implied bias. However, the record as presented does not contain the voir dire examination and is completely void of any testimony which might support the contention. Unless the voir dire examination is transcribed by the court reporter and contained in the record there is nothing for this Court to review concerning the alleged error. *Landrum v. State,* Okl.Cr., 486 P.2d 757.

The defendant's final assignment of error urges that the sentence imposed was excessive. The punishment for possession of marijuana with intent to distribute provided in 63 O.S.Supp.1975, § 2–401(B)(2) ranges from two years to ten years imprisonment and a fine of up to $5,000.00. In the instant case the sentence imposed was the minimum allowed and this Court certainly cannot say that under all the facts and circumstances presented the sentence is so excessive as to shock the conscience of the Court. *Roberts v. State,* Okl.Cr., 473 P.2d 264. The defendant's final assignment is without merit.

From an examination of the record as a whole it is our opinion that the defendant received a fair and impartial trial by jury, that no substantial right of the defendant was prejudiced and that the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BUSSEY, P. J., concurs.

BRETT, J., concurs in results.