John Edward BEEKS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–680.

Court of Criminal Appeals of Oklahoma.

April 26, 1977.

Richard A. Hoffman, Frank H. McCarthy, Legal Intern, Asst. Public Defenders, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, John Edward Beeks, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–3082, with the offense of Robbery With Firearms, in violation of 21 O.S. Supp.1973, § 801. He was tried and convicted by a jury, and punishment was set at twenty (20) years in the custody of the Department of Corrections. From said judgment and sentence this timely appeal has been perfected.

Briefly stated, the facts in this case are as follows:

Two individuals identified by William Grebing as the defendant and co-defendant Robert Lee Williams (F–76–685), entered a Get-N-Go grocery store in Tulsa, Oklahoma on December 31, 1975, at approximately 4:00 a. m. and selected various grocery items. Instead of paying for the groceries, one of the men produced a gun and ordered the store manager, William Grebing, to open the cash register. They took all of the money and tied Grebing in the storeroom, and fled the scene; but Grebing managed to touch off a silent alarm and police officers were dispatched to the store. Officer Howard Hadley of the Tulsa Police Department testified that he was on his way to the store when he observed a car coming from that direction. The vehicle appeared to have one person in it, who was slumped down in the driver's seat and who turned his head away from the officer as he drove by. Since the car was the only one in the

area, it was stopped and a search produced a sack of groceries, a smaller sack containing money, and .22 caliber handgun. The driver of the vehicle was identified as co-defendant Williams. After the vehicle was stopped a passenger was observed in the front seat, who had been previously out of sight. The passenger was identified as the defendant.

The defendant, John Edward Beeks, testifying in his own defense, stating that he and the co-defendant were riding around late at night after working on an automobile. They picked up a hitchhiker carrying a grocery sack and proceeded to take the hitchhiker to a residential area in east Tulsa. The hitchhiker got out of the car but was to return in a few minutes. After waiting several minutes and in the belief that the hitchhiker would not return the defendant and co-defendant drove off. The defendant further testified that they soon noticed the hitchhiker had left a grocery sack in the car and upon examination of the same found the .22 caliber pistol, mentioned above, in with some groceries. At this time the police officers arrived and made the arrest.

The defendant first assigns as error the court's refusal to grant his pre-trial motion for severance. The defendant, relying upon *Fugett v. State*, Okl.Cr., 461 P.2d 1002 (1969), contends that due to the antagonistic nature of his defense with respect to that of the co-defendant, Robert Lee Williams, his trial should have been severed from that of said co-defendant.

However, in *Fugett v. State*, supra, one public defender attempted to represent three co-defendants in a case wherein one co-defendant had confessed and implicated the other two defendants as the perpetrators while the confessor attempted to convince the jury that he was, in fact, an innocent bystander. In the instant case, a review of the record indicates no such conflict. The record reflects that this defendant took the stand and gave testimony in which he asserted an alibi for both himself and the co-defendant. The choice of the

co-defendant to remain silent was in no way inconsistent with the above stated defense. Furthermore, in view of the fact that the defendants were represented by different attorneys, the possibility of conflict of interest was reduced.

■ We have consistently ruled that the decision to grant or deny a motion for severance is left to the sound discretion of the trial court and the Court of Criminal Appeals will not disturb such a ruling absent a showing of some prejudicial effect to defendant. *Haynes v. State*, Okl.Cr., 532 P.2d 1390 (1975). Therefore the first assignment of error is without merit.

The defendant's second assignment of error is the trial court erred in admitting evidence of the gun used by the defendant during the robbery and the tape and cord used to bind Mr. Grebing. The defendant contends that such evidence was without probative value and was introduced only to arouse the passion and prejudice of the jury.

We would first point out that this defendant's attorney made no objection when the trial court admitted the evidence in question. In fact, at page 57 of the trial record the defendant expressly declined to object:

"THE COURT: Any objection by defendant Beeks?

"MR. WOOD: No, Your Honor."

■ We have consistently held that if no specific objection is made to the admission of evidence by the trial court, counsel will not be heard to raise such objection for the first time on appeal. *Thompson v. State*, Okl.Cr., 453 P.2d 314 (1969). Counsel has failed to perceive this assignment of error for review on appeal. Assuming that the alleged error had been properly preserved, we are of the opinion that it is without merit.

■ The tape and cord used to bind Mr. Grebing had probative value as evidence of the means of committing the offense and as articles connected therewith. See, *Rose v. State*, Okl.Cr., 509 P.2d 1368 (1973), and

*Denney v. State*, Okl.Cr., 346 P.2d 359 (1959).

■■ Further, the gun was admissible for the purpose of connecting the defendant with the crime. As this Court has stated in *Pickens v. State*, Okl.Cr., 450 P.2d 837 (1969):

"Weapons, bullets, instruments or other articles used or respecting which there is sufficient evidence to justify a reasonable inference that they were or may have been used by accused or his co-actors in commission of crime are admissible."

Furthermore, it is not necessary that such exhibits be positively identified as the exact objects connected with the crime.

"Weapons or instruments which are found in possession of accused or his criminal associates and which, although not identified as ones actually used, are similar in form and character thereto, or which from circumstances of finding justify an inference of likelihood, or possibility of their having been used, are admissible for purpose of showing availability to accused of means of committing crime in manner in which it is shown to have occurred." *Harris v. State*, Okl.Cr., 450 P.2d 857 (1969)

As his third assignment of error the defendant argues that the conduct of the district attorney during the trial and closing argument constituted reversible error.

■ In support of this assignment the defendant refers to the following proceeding appearing in the record at pages 115 and 116:

"MR. WOOD: Your Honor, first off, I would like to make a short record on the actions of the District Attorney prior to recess. I didn't get a chance to before because we recessed so quickly. I object to when he wasn't allowed to ask his last question the way that he threw down the hat, threw down the jacket, and kind of made a facial look of disbelief about the whole thing. I think this was very prejudicial to do in front of the jury and attempting to incite their passions against my client Mr. Beeks.

"MR. HOPPER: May I comment on that before the Court rules?

"THE COURT: Yes, you may.

"MR. HOPPER: Your Honor, you happened to be present in the courtroom and I see the only purpose that Mr. Wood is making this request to get this in the record is to prejudice the rights of the State. I will challenge the record and I'll leave it to the Court if the Court thought I did anything that was prejudicial to either of these defendants in my actions before that jury.

"MR. WOOD: Your Honor, if I just might say I'm in no way indicating that this was intentional on his part but the jury was sitting in there and by seeing these type actions they couldn't help but be prejudiced toward my client.

"THE COURT: Well, the Court's recollection is that the District Attorney had these objects of clothing or one or the other or both in his hand at the time the interrogation terminated prior to recess. The Court recalls that he laid them down on the bench in front of the court reporter. The Court doesn't recall seeing or observing any demonstration on the part of the District Attorney which would serve to the prejudice of defendant Beeks. For that reason, the objection will be overruled, with exception."

The trial court was present and found that alleged misconduct did not occur. We must therefore conclude that the record does not support this contention.

The defendant next contends under this assignment of error that the prosecution committed reversible error when during closing argument he stated:

" . . . ladies and gentlemen, you must keep this in mind, you must, you're citizens of our community: That punishment is meted out in criminal cases for two basic reasons. Number one, to punish the men who commit the crimes that they are charged with. Number two, to serve as a warning to other would be robbers who are driving around at 4:00 o'clock in the morning—" (Tr 127).

 It appears that this was improper argument and was injected in an attempt to prejudice the jury, but in view of the overwhelming weight of the evidence in this case, we find that, if error, it does not merit reversal. The error complained of neither resulted in a miscarriage of justice, nor constitutes a substantial violation of a constitutional or statutory right. 20 O.S.1971, § 3001. The defendant's final assignment of error is without merit.

So for the above and foregoing reasons, the judgment and sentence of the trial court is hereby *AFFIRMED.*

BLISS, J., concurs.

BRETT, J., concurs in results.