**Avery Eugene McCLAIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–687.**

Court of Criminal Appeals of Oklahoma.

May 6, 1981.

Ralph D. Huchteman, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., William Roy Holton, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, Avery Eugene McClain, hereinafter referred to as the defendant, was convicted in a non-jury trial in the District Court of Cleveland County, Case No. CRF–78–444, for the offense of Possession of Marijuana with Intent to Distribute, After Former Conviction of a Felony, pursuant to 63 O.S.Supp. 1978, § 2–401 (B)(1), and 21 O.S.Supp. 1978, § 51. On May 29, 1979, he was sentenced to four (4) years'

imprisonment, and a fine of fifty dollars ($50.00) and court costs. From said judgment and sentence, the defendant filed this timely appeal.

Briefly stated, the evidence adduced at trial indicated that on July 22, 1978, the defendant and another individual identified as "Tom" were standing beside a station wagon in the parking lot of the Bunny Club when Officer Guyton drove upon the scene. The defendant was holding a "zip-lock" plastic bag in his hand. Upon noticing the police car, the defendant scrambled to hide away the bag, subsequently placing it underneath the rear wheels of a nearby car. He then went into the club. The officer proceeded to the vehicle and recovered a one-pound bag of marijuana valued between $300.00 and $500.00, and sufficient to produce approximately sixteen individual "baggies." In his own defense, the defendant also testified that he was trying to obtain the marijuana for later use with his girlfriend.

On his sole assignment of error, the defendant asserts that the evidence presented at trial was insufficient to prove any intent to distribute marijuana. We disagree.

In *King v. State*, 562 P.2d 902, (Okl.Cr. 1977), we sustained a conviction for Unlawful Possession of Marijuana with Intent to Distribute upon evidence that the defendant was found to be in possession of approximately one-half pound of marijuana. Again, in *Goodner v. State*, 546 P.2d 653, 657, (Okl.Cr.1976), we stated:

> It is abundantly clear from the ordinary and accepted meaning of the word "distribute" that a distributor is not merely one who deals or sells, but that the term is synonymous with "dividing" or sharing or "delivery" with or without compensation.

By his own statement, the defendant was "caught holding the bag" of about one-pound of marijuana, his stated purpose being to share the substance with his girlfriend. His admission of possession, the quantity possessed, and the purpose of the possessor all bring this case within the definition articulated in *Goodner*, and the quantitative standard established in *King*. Consequently, the convergence of the peculiar facts of this case provide the indisputable evidence upon which the trier of fact properly predicated this conviction. For this reason we find this assignment of error to be completely without merit, and the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.