**Patricia Maddox HELFRICH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–607.**

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1982.

Rehearing Denied Apr. 12, 1982.

Michael Gassaway, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

Patricia Maddox Helfrich was convicted of Unlawful Possession of a Controlled Dangerous Substance with Intent to Distribute Phencyclidine. She was sentenced to ten (10) years' imprisonment and fined Five Thousand Dollars ($5,000).

On July 3, 1979, the Oklahoma Bureau of Narcotics and Dangerous Drugs was advised by a voluntary informant, Grant Phillips, that PCP (Phencyclidine) could be purchased from his stepmother, Mrs. Helfrich. The next day a meeting was arranged between Agent Wright and Phillips. The informant gave Wright approximately one ounce of PCP which he said he had obtained from the appellant's house. Phillips advised Wright that Mrs. Helfrich had told him she had one pound of PCP and was looking for someone to sell it to. At that time Phillips telephoned Helfrich. The call was recorded by Wright. The agent and informant then went to the residence where, outside the home, Wright gave Phillips $500 with which to purchase the PCP. The informant then went into the house wearing a microphone; however, the recording produced was inaudible. He later returned to the car with approximately one ounce of PCP. Phillips gave back to Wright one of the five $100 bills because he said that the appellant had changed her mind and wanted only $400.

Two days later, the agent and several other officers executed a search warrant at the appellant's house, where approximately

one pound of PCP was found in the ceiling of an enclosed patio. Mrs. Helfrich was arrested but denied ownership or knowledge of the PCP.

At trial the recorded telephone conversation between Phillips and Helfrich was admitted into evidence over the objection of the appellant. The informant was not available for trial and had not executed a written permission for the recording to be made. The agent testified that Phillips had given him oral permission to record the conversation and that he, Wright, had so stated on the tape at the end of the recorded conversation. There was another agent who also purportedly heard Phillips give permission to record, but he did not appear at trial.

Phillips told Wright the night of Mrs. Helfrich's arrest that he soon would be leaving the State. Wright, however, failed to obtain Phillips' forwarding address. The appellant hired a private investigator who traced Phillips to California but was unable to locate him for the trial.

Testimony at trial revealed that $400 was deposited to Mrs. Helfrich's checking account the day after the purchase by Phillips.

■ The appellant states that the trial court erred in failing to quash the jury panel because the ballot box was not shaken after each name was drawn and cites 22 O.S.1971, § 595. The deputy court clerk testified that she shook the ballot box before names were drawn. We hold there was substantial compliance with the statutory requirement and find this assignment of error to be without merit. *Michael v. State*, 42 Okl.Cr. 124, 274 P. 900 (1920).

It is asserted that the court should not have allowed the admission of a tape recording into evidence without the party granting permission to record the conversation having clearly demonstrated his consent to do so. This Court held in *Pearson v. State*, 556 P.2d 1025 (Okl.Cr.1976), that the laws pertaining to eavesdropping and the recording of telephone communications do not apply where one of the parties to the conversation consents to or directs its overhearing or recording.

■ The record does not indicate there was any dispute regarding Phillips' granting consent to record the conversation, and the appellant admitted it was hers and Phillips' voices on the tape recording. The detective taping the conversation noted on the tape immediately after recording the conversation that Phillips had given his consent. Without a showing or an inference that the consent was involuntary, the agent making the recording may testify to the informant's consent. *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); *United States v. Hall*, 536 F.2d 313 (10th Cir. 1976).

■ The appellant's next assertion is that the court erred in overruling her demurrer to the evidence. This Court recently held in *Morrison v. State*, 628 P.2d 381 (Okl.Cr.1981), that the right to challenge a ruling on a demurrer to the evidence is waived when the defense proceeds to offer evidence in its case-in-chief, as was done here.

■ The appellant also challenges the trial court's allowing the State to reopen its case in order to admit several exhibits. This was clearly an oversight and their admission was allowable at the trial court's discretion. *Morgan v. State*, 545 P.2d 1265 (Okl.Cr.1976).

■ The appellant argues that the verdict is contrary to the trial court's instructions and the evidence did not exclude every reasonable hypothesis except that of guilt. In *Staples v. State*, 528 P.2d 1131 (Okl.Cr.1974), this Court held that a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient.

An inference as to her control of the drug may be drawn from the taped conversation between Mrs. Helfrich and Phillips in which she agrees, "Yeah," to his question, "Can you get me an ounce ready?" There was testimony at trial that $400 was deposited

in her checking account on July 5, the day after Phillips purportedly paid the appellant $400 for the PCP. This evidence was sufficient to establish that the appellant was aware of the drug and had dominion and control of it.

In her final argument, the appellant challenges the adequacy of the instructions given by the trial court. Those instructions, however, properly stated the applicable law and basically covered the elements of the appellant's requested instructions. We therefore find no error. *Lane v. State*, 572 P.2d 991 (Okl.Cr.1977).

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., dissents.