Don F. FERGUSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-819.

Court of Criminal Appeals of Oklahoma.

April 22, 1982.

David Luther Woodward, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Floyd W. Taylor, First Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Don Ferguson, was convicted of Unlawful Delivery of Marijuana in violation of 63 O.S.1971 § 2–401 in Comanche County Case No. CRF–79–383. The appellant was sentenced to two (2) years imprisonment and was fined $5,000.

Lawton police officers obtained information from Henry Southwood, an informant, that marijuana could be obtained from Don Ferguson. With the informant's consent, the police officers taped a conversation between Southwood and Ferguson, arranging for Ferguson to sell several pounds of marijuana to Southwood. Several officers accompanied Southwood to his residence where the sale was to be consummated. Officer Griffin searched Southwood and the residence prior to the arrival of Ferguson and established that no marijuana was present. Griffin then concealed himself in a closet from which he was able to hear the transaction between Southwood and the appellant.

When the appellant left the residence Griffin contacted the officers waiting outside and informed them that the sale had been completed. Ferguson was then arrested outside the residence. Money provided by the police to Southwood was found in the appellant's possession as well as additional marijuana. Inside the residence, Officer Griffin found three large bags containing marijuana.

As his first proposition of error, appellant asserts that his prosecution in this case is barred by the double jeopardy provisions of the United States and Oklahoma Constitutions. Ferguson was convicted of the crime of possession of marijuana with intent to distribute in Comanche County Case No. CRF–79–384 which he argues bars the present conviction.

█ An examination of the facts which led to the filing of the two informations reveals the fallacy of appellant's contention. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932), the Supreme Court established the "same evidence" test for determining the validity of a double jeopardy claim. If each statutory provision violated requires proof of an additional fact which the other does not, there is no violation of the doctrine of double jeopardy.

█ In the prosecution for possession with intent to distribute marijuana, Ferguson was prosecuted for the marijuana which was in his possession *after* he left the Southwood residence. In the present prosecution, the marijuana used to support the charge of unlawful delivery was the marijuana which Ferguson sold Southwood and was in Southwood's residence at the time of Ferguson's arrest. The appellant could not be charged and convicted of separate crimes of possession with intent to distribute marijuana and unlawful delivery of marijuana using the same marijuana as a predicate for both. However, where different caches of marijuana support the charges, there is no violation of the double jeopardy clause. *Warthen v. State*, 559 P.2d 483 (Okl.Cr. 1977).

As his final proposition of error, the appellant alleges error in the trial court's denial of a defense motion to suppress the tape recorded telephone conversation between Southwood and Ferguson. Where one person is a party to a telephone conversation, he can record or permit another to record the contents of the conversation for a legitimate purpose. *Pearson v. State*, 556 P.2d 1025 (Okl.Cr.1976). Officer Griffin testified that he obtained Southwood's consent to tape the conversation, but Southwood did not testify. Appellant attacks the admission of the tape recording by suggesting that perhaps no consent was actually given, or, if consent was given, it was perhaps coerced. Appellant offers these allegations with no supporting evidence. Officer Griffin's testimony concerning Southwood's consent was sufficient to meet the State's burden of proof on the issue. We find the appellant's proposition without merit.

The judgment and sentence is therefore AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., concurs in part and dissents in part.

BRETT, Presiding Judge, concurs in part and dissents in part:

I concur that this conviction is sufficiently sustained; however, I dissent to the hearsay testimony that consent was granted to record the telephone conversation. For the same reason I dissented to the decision in *Helfrich v. State*, 640 P.2d 1367 (Okl.Cr. 1982). Further, insofar as appellant was found to be indigent at trial, as well as for appeal, I would modify the fine from $5,000.00 to $500.00.