**Don F. FERGUSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–820.**

Court of Criminal Appeals of Oklahoma.

May 11, 1982.

---

David Luther Woodward, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Criminal Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellant, Don Ferguson, was convicted of Possession of Marijuana with Intent to Distribute in Comanche County District Court. A sentence of three years' imprisonment and a fine of $1,000 plus court costs was imposed.

The facts adduced at trial indicate that several Lawton police officers and agents of the Oklahoma Bureau of Narcotics were conducting surveillance on the Lawton residence of one Southwood. The officers observed the appellant drive up to the residence and alight from his automobile carrying a green canvas bag. Appellant spent several minutes in the Southwood residence and then left with the same bag. The

police officers arrested the appellant as he approached his car and searched the canvas bag which contained a scale and marijuana.

As his first proposition of error, appellant alleges the trial court erred in failing to grant his motion to suppress the evidence resulting from the search of the canvas bag. He contends that his arrest was not predicated upon probable cause and any evidence resulting from this arrest was, therefore, inadmissible. Appellant, however, failed to designate any record for appeal except that made during the actual trial of the case on April 17, 1980. No objection was made to the admission of this evidence at trial, nor was there information in this record on the issue of probable cause. When the appellant fails to submit a sufficient record, the error has not been properly preserved for appeal. *Hanna v. State*, 560 P.2d 985 (Okl.Cr.1977).

Despite the appellant's failure to preserve this issue for appeal, this Court takes notice of the record in Case No. F–80–719 which contains the transcripts necessary for this Court to rule on the validity of the search.[1] The transcript indicates that appellant was arrested after leaving the Southwood residence because a police officer concealed inside the house had heard the appellant make a sale of narcotics to Southwood. This information was relayed to the officers outside who then made the arrest. The information was sufficient probable cause on which to base the arrest.

The search of the canvas bag subsequent to the appellant's arrest did not violate his constitutional rights. The canvas bag was within the appellant's "immediate control" as defined in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In *Chimel* the Supreme Court held that a lawful custodial arrest creates a situation in which a contemporaneous, warrantless search of the arrestee and the immediately surrounding area is permissible.

As his second proposition of error, the appellant asserts that due to his indigency, the one thousand dollar ($1,000) fine imposed by the trial court was improper. The fine is within the five thousand dollar ($5,000) limit imposed by 63 O.S.Supp.1981, § 2–401, and therefore not excessive.

Appellant next asserts error in the trial court's failure to instruct the jury on circumstantial evidence, even though such an instruction was not requested. When the entirety of the evidence presented is circumstantial, the court is required to instruct the jury on circumstantial evidence even in the absence of such a request by defense counsel. *Dunford v. State*, 614 P.2d 1115 (Okl.Cr.1980). However, substantial direct evidence consisting of the marijuana and scales appropriate for weighing it was properly admitted by the trial court. Since the evidence consisted of both direct and circumstantial evidence, the trial court did not err in failing to instruct on circumstantial evidence absent a request by the appellant for such an instruction. *Grimmett v. State*, 572 P.2d 272 (Okl.Cr.1977).

Appellant contends that the State failed to prove the element of intent. This Court has on numerous occasions found that possession of marijuana and other paraphenalia which could be used for either weighing or packaging it was sufficient evidence from which the trier of fact could determine there was intent to distribute. *Chasteen v. State*, 551 P.2d 1171 (Okl.Cr.1976); *King v. State*, 562 P.2d 902 (Okl.Cr.1977).

As his final proposition of error, appellant contends that he was denied adequate representation of counsel in that the standard of reasonable competence was not achieved. At the outset it should be noted that this Court adopted the standard of reasonable competence test in *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980) to be applied prospectively to cases after October 22, 1980. Appellant was tried on April 17,

---

1. Case No. F–80–719, 644 P.2d 121, Okl.Cr., is an appeal by this appellant from his conviction for the crime of Unlawful Delivery of a Controlled Substance in Comanche County Case No. CRF–79–383. *Accord, New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

1980, making the revised standard inapplicable. Judged by either the standard of reasonable competence or its predecessor the "sham and mockery" standard, appellant's assertion is without merit.

Appellant's charge of ineffective assistance of counsel is based primarily on his attorney's failure to pursue a ruling at trial on the motion to suppress and several stipulations by the attorney during trial. Although counsel did not properly preserve the ruling on the motion to suppress for review, the admission of the evidence was, in fact, examined by this Court and found to be proper. Therefore, any error committed by counsel did not prejudice appellant. As to the stipulations made at trial regarding the identification and admission of the marijuana and scales, these actions represented a viable trial strategy and cannot be construed as incompetent.

It is therefore the decision of this Court that the judgment and sentence be AFFIRMED.

BUSSEY, J., specially concurs.

BRETT, P. J., dissents.

BUSSEY, Judge, specially concurring:

Lawton police officers obtained information from Henry Southwood, an informant, that marijuana could be obtained from Don Ferguson. With the informant's consent, the police officers taped a conversation between Southwood and Ferguson, arranging for Ferguson to sell several pounds of marijuana to Southwood. Several officers accompanied Southwood to his residence where the sale was to be consummated. Officer Griffin searched Southwood and the residence prior to the arrival of Ferguson and established that no marijuana was present. Griffin then concealed himself in a closet from which he was able to hear the transaction between Southwood and the appellant.

When the appellant left the residence Griffin contacted the officers waiting outside and informed them that the sale had been completed. Ferguson was then arrested outside the residence. Money provided by the police to Southwood was found in the appellant's possession as well as additional marijuana in a green canvas bag which Ferguson had dropped.

The defendant was charged and convicted in Comanche County District Court, Case No. CRF–79–383, of Unlawful Delivery of Marijuana, which was affirmed by this Court on April 22, 1982. In that case the defendant testified that Southwood had left the green canvas bag and its contents at his apartment for purposes of storage. He further testified that he did not know the contents of the bag until he took it to Southwood's residence, upon the latter's request, and witnessed Southwood remove scales and marijuana therefrom. The defendant further testified that he went into the living room and smoked a cigarette. As a favor to Southwood he agreed to take the bag and a sum of money to a mutual acquaintance named Mendenhall. He acknowledged that immediately upon leaving Southwood's residence he was arrested and had money on his person and marijuana was seized from the green canvas bag. He maintained that he had no intent to possess, sell or deliver marijuana.

In the instant case he admitted storing the bag for Southwood, taking it to the latter's residence and dropping it when he was arrested. He denied any knowledge that marijuana was in the bag, and stated that the bag and its contents were Southwood's personal property and that he was the innocent victim of a "frame-up."

Since his theory of defense in both instances was that he was an innocent victim of a "frame-up" and was merely doing a favor for a friend, no objection was interposed to the introduction of the marijuana seized in the instant case, nor did he raise the issue in his motion for new trial. "We have consistently held that if no specific objection is made to the admission of evidence by the trial court, counsel will not be heard to raise such objection for the first time on appeal." *Beeks v. State*, 563 P.2d 653 (Okl.Cr.1977); *Thacker v. State*, 303

P.2d 448, 449 (Okl.Cr.1956); and 12 O.S. Supp.1981, § 2104.[1]

Defendant's second, third and fourth assignments of error are also raised for the first time on appeal by the appellate public defender and are properly disposed of by Judge Cornish's opinion.

BRETT, Presiding Judge, dissenting:

I must dissent to the opinion's finding that the search of the appellant's canvas bag was proper on the basis of a search incident to arrest, involving the arrestee and the surrounding area. The opinion relies on *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

In *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), however, the Supreme Court discussed the *Chimel* approval of searches incident to lawful arrest. They stated that the reasons justifying a search in a custodial arrest are based on the need to safeguard the officers from the arrestee's attempts to use a weapon or to destroy evidence. The area which may properly be searched incident to a lawful arrest is limited to areas from within which the arrestee might gain possession of a weapon or destructible evidence.

Such was not the situation in the instant case. The appellant had immediately dropped the canvas bag upon arrest and the officers had seized it and safely removed it from the appellant's grasp. Once this occurred the rationale behind *Chimel* becomes inapplicable as the bag was no longer within the appellant's immediate control. The search therefore cannot be viewed as incidental to the arrest under *Chimel* or as justified by any other exigency.

The Supreme Court has applied this type of reasoning not only in *Chadwick* but also in *United States v. Schleis*, 433 U.S. 905, 97 S.Ct. 2968, 53 L.Ed.2d 1089 (1977). In

*Schleis*, the district court upheld a warrantless search of a briefcase which the arrestee was carrying at the time of his arrest. The Supreme Court reversed and remanded *Schleis* in light of their reasoning in *Chadwick*. Based on the foregoing, I find the warrantless search of the appellant's canvas bag is not justifiable as a search incident to arrest. Thus it was conducted illegally and I therefore respectfully dissent.

---

1. 12 O.S.Supp.1981, § 2104. Rulings on Evidence

   A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

   1. If the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

   2. If the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.