**Billy Verlin BEWLEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–83–167.**

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1985.

Rehearing Denied March 15, 1985.

As Corrected on Denial of Rehearing Mar. 15, 1985.

---

Billy Verlin Bewley, pro se.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

On appeal from his conviction of Driving While Under the Influence of Intoxicating Liquor and Transporting an Open Container of Liquor, and sentence of thirty (30) days imprisonment on Count I, and a fine of $100 on Count II, from the District Court of Stephens County, Oklahoma, the appellant, Billy Verlin Bewley, raises eleven assignments of error. The facts are as follows:

At about 1:30 a.m. on October 15, 1982, appellant was arrested outside a night club near Duncan, Oklahoma. Two police officers who had been traveling in separate cars testified at trial that appellant had just made a dangerous left turn in front of them, forcing one of the officers to take evasive action causing his vehicle to spin around in the opposite lane of Highway 81. The officers said they found an open bottle of whiskey in the cab of his pickup truck. They also testified that appellant had bloodshot eyes and a strong odor of alcohol on his breath.

The officers further testified appellant was alone in the vehicle, and that after they handcuffed appellant, he physically resisted being placed in their car, at one point falling to the ground. They also said he used abusive language, and threatened to get them fired. The booking officer at the Duncan police station testified that appellant was still being abusive toward the officers after arriving at the station.

Appellant represented himself at trial and called as witnesses his wife, mother and step-father. They testified appellant had extensive dental work done that day, was still under the influence of pain-killers at the time the incident occurred, and had taken one drink of whiskey to ease the pain. His wife said she had done all the driving, and at no time was appellant ever in control of the vehicle. She testified they had stopped at the club because she recognized a vehicle in the parking lot. She had gone inside the club to look for its driver, and when she returned, appellant was gone.

Several of appellant's assignments of error are nothing more than bald assertions without even a hint of support in the record. Appellant claims one of the

jurors at his trial was blind; and that the trial judge, or a member of her family was a board member of a bank that appellant was suing civily. Without record support, these contentions are without merit. *Ferguson v. State*, 645 P.2d 1021 (Okl.Cr. 1982). Appellant also claims a witness for the state had formerly worked for the same bank, and was therefore incompetent to testify. However, that fact would not affect the witness' competency, 12 O.S. 1981, §§ 2601–2606, and would only affect credibility. Appellant cross-examined the witness regarding his former employment at the bank, therefore, no error occurred.

■■■ Appellant claims that one of the jurors was blind. The record does reveal that a juror did in fact indicate that he was disabled due to blindness. However, there is not an automatic disqualification due to blindness. *See* 38 O.S. 1981, § 28 and 22 O.S. 1981, § 658. Appellant also asserts the trial judge, or a member of her family, was a board member of a bank that appellant was suing civily. Without support, this contention is without merit. *Ferguson v. State*, 645 P.2d 1021 (Okl.Cr.1982). We, therefore, find there was no abuse of discretion by the trial judge. See *Saugstad v. State*, 642 P.2d 616 (Okl.Cr.1982). Furthermore, appellant passed the bank employee for cause, and excused the other two jurors peremptorily. Clearly, there was no prejudice.

■■■ In other assignments of error, appellant makes two separate double jeopardy claims. First, he claims he had posted bond with the City of Duncan in connection with this same incident, and was awaiting an appearance in municipal court when he was "re-arrested" on a warrant based on the District Attorney's Information. Appellant argues this "re-arrest" constituted double jeopardy; however, he presents no facts in the record supporting his allegation of municipal proceedings. Even taking his allegations as true, it is clear appellant was never "in jeopardy" on the municipal charges. See *Ozbun v. State*, 659 P.2d

954 (Okl.Cr.1983). We find this allegation meritless.

■■■ Appellant's second double jeopardy claim arises out of his being tried on four counts, including D.U.I., Transporting an Open Container, Resisting Arrest, and Driving Without a Valid Driver's License.[1] All four counts arose out of the same incident, and clearly it was proper to try them together. *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980). This assertion also has no merit.

Appellant next claims the trial court erroneously denied his motion to dismiss. At the hearing to argue the motion, appellant failed to present any evidence to support his grounds for dismissal. Therefore, we cannot say the trial court abused its discretion.

■■■ Appellant also claims error in the judge's denial of his motion for continuance. However, this claim is based upon an erroneous assumption of facts. Appellant states his motion, made at the close of the hearing on the motion to dismiss, should have been granted because trial was to begin in just three days. He asserts this denied him the opportunity to hire counsel and prepare a defense. But the record clearly shows he was given notice of his trial date almost a month earlier at his arraignment. Further, at arraignment, appellant indicated he would waive his right to counsel, and did not wish to apply for a court appointed attorney. Clearly, a continuance was not warranted, and there was no abuse of discretion. *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980).

■■■ Appellant also claims the Rule of Sequestration was violated when the state's witnesses discussed the case in the hall outside the courtroom. Once again, the record is devoid of support for this assertion. At best, a spectator *may* have spoken to the witnesses, but the spectator denied doing so. This is insufficient record to warrant reversal. *Ferguson v. State*, supra.

---

1. The trial court sustained demurrers to the last    two counts.

Finally, appellant contends the trial court erroneously denied his request for a court appointed attorney and state paid transcript. We have dealt with this question in previous pleadings in this case, and are given no reason to change our prior position.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.