OSCN Found Document:IN RE: ADOPTION OF THE 2026 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

 

 
 IN RE: ADOPTION OF THE 2026 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)2026 OK CR 11Case Number: CCAD-2026-2Decided: 03/06/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 11, __ P.3d __

 
 

IN RE: ADOPTION OF THE 2026 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS CRIMINAL (SECOND EDITION)

ORDER ADOPTING AMENDMENTS TO OKLAHOMA
UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

¶1 On September 19 and December 5, 2025, the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions (Committee) submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition) (OUJI-CR(2d)). The Court has reviewed the reports and recommendations by the Committee for the adoption of the proposed 2026 revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2021, § 577.1

¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the reports of the Committee shall be accepted, and its revisions adopted. The revisions shall be available for access via the internet from this Court's website at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED that the amendments to existing OUJI-CR(2d) instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted, to wit:

4-37, 4-40B, 4-124, 4-135A, 4-135B, 4-135C, 4-138A, 4 139, 6-2, 6-4, 6-5, 6-6, 6-7, 6-9, 6-10, 6-11, 6-12, 6-16, 6-18, 10-13D, 9-47, and 9-13.

¶4 The Court also accepts and authorizes the updated committee comments to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2026 Supp.)".

¶5 THIS COURT COMMENDS the members of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions for their ongoing efforts to provide up to date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶6 IT IS SO ORDERED.

¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this ___6______ day of ______March_________________, 2026.

/s/__________________________________________________
GARY L. LUMPKIN, Presiding Judge

/s/__________________________________________________
WILLIAM J. MUSSEMAN, Vice Presiding Judge

/s/__________________________________________________
DAVID B. LEWIS, Judge

/s/__________________________________________________
ROBERT L. HUDSON, Judge

/s/__________________________________________________
SCOTT ROWLAND, Judge

ATTEST:

/s/_____________________

Clerk

OUJI-CR 4-37
NEGLECT OF CHILD - ELEMENTS

No person may be convicted of neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's health, safety, or welfare;

Second, willfully/maliciously;

[Third, failed/omitted to provide;

Fourth, [adequate (nurturance and affection)/food/clothing/shelter/ sanitation/hygiene)/(appropriate education)]/(medical/dental/(behavioral health) care/ [supervision/(appropriate caretakers) to protect the child from harm/(threatened harm) of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware]/(special care made necessary for the child's health and safety by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen.]

OR

[Third, failed/omitted to protect;

Fourth, a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, abandoned;

Fourth, a child under the age of eighteen.]

______________________________

Statutory Authority: 21 O.S. 2021, § 843.510A O.S. 2021, § 1-1-105

.

 

Notes on Use

Activities that might not constitute neglect are set out in OUJI-CR 4-35B, supra, and 4-37A, infra.

Committee Comments

The crime of omission to provide for a child is governed by 21 O.S. 2011 2021, § 852(A). See OUJI-CR 4-40A, infra. Its elements are similar to the elements for child neglect, but in contrast to child neglect, omission to provide for a child is a misdemeanor. Unlike child neglect, omission to provide for a child includes willful omission to furnish monetary child support or the payment of court-ordered day care or medical insurance costs.

In Fairchild v. State, 1999 OK CR 49998 P.2d 61121 O.S. Supp. 1999, § 701.7

Possession of medical marijuana that is authorized under 63 O.S. Supp. 2025, § 420(A) and (K) is not unlawful. State v. Aguilar, 2024 OK CR 18, ¶ 6, ___ P.3d ___ ("[A]n expectant mother's licensed possession and use of medical marijuana would not trigger an automatic finding of neglect for failure to protect her unborn child from exposure to illegal drugs because as to her, marijuana is not an illegal drug.").____See also 63 O.S. Supp. 2025, § 425(D) ("[T]here is no presumption of neglect or child endangerment for conduct allowed under [63 O.S. Supp. 2024, § 420, et seq.], unless the behavior of the person creates an unreasonable danger to the safety of the minor child."). 

 

OUJI-CR 4-40B
CHILD ENDANGERMENT - ELEMENTS

No person may be convicted of child endangerment unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

[Fourth, physical/sexual abuse;

Fifth, of the child.]

OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

Fourth, the child to be present in a place where [Specify Controlled Dangerous Substance] a controlled dangerous substance was (being manufactured)/(attempted to be manufactured);

[Specify Controlled Dangerous Substance] is a controlled dangerous substance.

OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

Fourth, the child to be present in a vehicle operated by a person who was impaired by or under the influence of alcohol/(an intoxicating substance);

Fifth, and the parent/guardian/(person having custody/control) of the child knew or reasonably should have known that the operator of the vehicle was impaired by or under the influence of alcohol/(an intoxicating substance).

OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

[Second, was the driver/operator/(person in actual physical control of a vehicle);

Third, who [specify violation of 47 O.S. 2011, 11-902, e.g., was under the influence of alcohol or an intoxicating substance];

Fourth, while (transporting the child/children)/(having the child/children in the vehicle)].

______________________________

Statutory Authority: 21 O.S. 2011 2021, § 852.1, 10A O.S. 2011 2021, § 1-1-105(2).

.

Notes on Use

For a definition of child abuse, see OUJI-CR 4-40D, infra. For a definition of manufacturing a controlled dangerous substance, see OUJI-CR 6-16, infra. For jury instructions and definitions concerning driving while impaired and driving under the influence of alcohol and intoxicating substances, see OUJI-CR 6-17 through 6-24 and 6-35, infra.

Section 852.1(B) provides for an affirmative defense if the defendant depends on spiritual means and prayer for care for a child. If evidence is introduced to support this defense, the court should modify the affirmative defense in OUJI-CR 4-35C appropriately, because the requirements for the analogous affirmative defenses for child abuse and neglect differ from some of the requirements for the affirmative defense with respect to child endangerment.

Committee Comments

An affirmative defense is provided if the defendant had a reasonable apprehension that any action to stop the abuse would result in substantial bodily harm to the defendant or the child. 21 O.S. 2011 2021, § 852.1. For instructions on child abuse and child sexual abuse, see OUJI-CR 4-35 and 4-39, supra. See also Huskey v. State, 2002 OK CR 3989 P.2d 1

OUJI-CR 4-124
RAPE IN THE SECOND DEGREE - ELEMENTS

No person may be convicted of rape in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, sexual intercourse;

Second, with a person who is not the spouse of the defendant [and who may be of the same sex as the defendant];

[Third, where the victim was under the age of sixteen eighteen].

OR

[Third, where the victim was under the belief induced by the defendant that the victim was having intercourse with his/her spouse].

OR

[Third, where the victim was under the legal custody/supervision;

Fourth, of a (state/federal agency)/county/municipality/(political subdivision); and

Fifth, the defendant was an employee/(employee of a [subcontractor of a] contractor of)/the (state/federal agency)/county/municipality/(political subdivision) that exercised authority over the victim;].

OR

[Third, where the victim was between sixteen and twenty years of age;

Fourth, the victim was a student/(under the legal custody/supervision) of a/an (elementary/secondary school)/(junior high)/high/(public vocational) school;

Fifth, the defendant was eighteen years of age or older; and

Sixth, the defendant was an employee, contractor, or subcontractor of a school system].

OR

Third, where the victim was nineteen years of age or younger; and

Fourth, in the legal custody of a (state/federal agency)/(tribal court); and

Fifth, the defendant was a (foster parent)/(foster parent applicant).

OR

[Third, where the victim was a student at a secondary school, was concurrently enrolled at an institution of higher education, and engaged in sexual intercourse with the defendant who was an employee of the institution of higher education of which the victim was enrolled. An "employee of an institution of higher education" means (faculty/(adjunct faculty)/instructors/ volunteer)/(an employee of a business contracting with an institution of higher education who may exercise, at any time, institutional authority over the victim). [An employee of an institution of higher education shall not include an enrolled student who was not more than three (3) years of age or older than the concurrently enrolled student and who was employed or volunteering, in any capacity, for the institution of higher education.]

You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.

______________________________

Statutory Authority: 21 O.S. Supp. 2022 2025, § 1111, 21 O.S. 2021, § 1114.

 

 

Notes on Use

The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence. The trial court should read the bracketed language in the last sentence of the last alternative only if the defendant was not more than three years older than the victim.

 

Committee Comments

In all instances, the statutory age under which a victim is legally incapable of consenting to sexual intercourse is 16 18, section 1111(A)(1). If a defense under section 1112 is unavailable, sexual intercourse with a person under 16 18 years of age is at least rape in the second degree, although if the victim is under 14 years of age, rape in the first degree is a possible charge. Even if the proof establishes that the victim is 13 years of age, a prosecution and conviction for rape in the second degree is proper because rape in the second degree is a lesser included offense of rape in the first degree. Hence, the first alternative in the third element simply indicates a victim under 16 18 years of age.

The other alternatives in the third element constitute, in fact or by law, sexual intercourse without the consent of the victim.

The age of the defendant is not an element of the crime of second-degree rape. If the prosecutor is uncertain whether it can be proved that the defendant has attained the age of 18, he/she can charge the defendant with second-degree rape and the conviction would be upheld although it is established that the defendant is over 18. Brasel v. State, 1929 OK CR 216291 P. 80714 16 years of age and consents, and the defendant is under 18 years of age not more than four years older than the victim at the time of the act.

Oklahoma's rape shield law, 12 O.S. 2021, § 2412, limits the use of evidence of the sexual behavior of the victim in prosecutions for sexual offenses.

OUJI-CR 4-135A
BUYING/POSSESSING/PROCURING CHILD PORNOGRAPHY 
SEXUAL ABUSE MATERIAL 

No person may be convicted of buying/possessing/procuring child pornography sexual abuse material unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willfully;

Second, buying/possessing/procuring;

Third, child pornography sexual abuse material.

You are instructed that the word "willfully," as used in these instructions, requires that you must find beyond a reasonable doubt from all the evidence in this case (either direct or circumstantial or both) that the defendant knew the nature and character of the contents of [specify alleged child pornography sexual abuse material]. It is not necessary that [Name of Defendant] knew the exact content or actually saw/read the [specify alleged child pornography sexual abuse material].

______________________________

Statutory Authority: 21 O.S. Supp. 2000 2025, § 1024.2.

Notes on Use

For the definition of child pornography sexual abuse material, see OUJI-CR 4-139, infra.

Committee Comments

Section 1024.1 1024.2 of Title 21 was amended in 2000 to limit its application to child pornography, instead of to obscene material. In 2024, the statute was amended again to change child pornography to child sexual abuse material.

The Court of Criminal Appeals decided in Glenn v. State, 1988 OK CR 16749 P.2d 121the Oklahoma's obscenity statute was not unconstitutionally vague, because it incorporated the standards from Miller v. California, 413 U.S. 15 (1973).

The last paragraph of the instruction is required by Hanf v. State, 1977 OK CR 41560 P.2d 207Trim v. State, 1996 OK CR 1909 P.2d 841Davis v. State, 1996 OK CR 15916 P.2d 251See the Committee Comments to OUJI-CR 4-133, supra.

OUJI-CR 4-135B
PROCUREMENT OF CHILD MINOR FOR PORNOGRAPHY 
(CHILD SEXUAL ABUSE)/OBSCENE MATERIAL 

No person may be convicted of procurement of child a minor for pornography (child sexual abuse)/obscene material unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly;

Second, procuring/causing the participation of;;

Third, a child minor under the age of 18;

Fourth, in any child pornography (child sexual abuse)/obscene material.

_______________

Statutory Authority: 21 O.S. Supp. 2000 2025, § 1021.2.

OUJI-CR 4-135C
POSSESSION/PROCUREMENT OF CHILD FOR PORNOGRAPHY 
(SEXUAL ABUSE)/OBSCENE MATERIAL 

No person may be convicted of possession/procurement of child pornography (sexual abuse)/obscene material unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly;

Second, possessing/viewing/accessing/sharing/streaming/ downloading/procuring/selling/distributing/manufacturing/(causing to be possessed/viewed/accessed/shared/streamed/downloaded/procured/sold/distributed/manufactured);

Third, any child pornography (sexual abuse)/obscene material.

You are instructed that the word "knowingly," as used in these instructions, requires that you must find beyond a reasonable doubt from all the evidence in this case (either direct or circumstantial or both) that the defendant knew the nature and character of the contents of [specify alleged child pornography (sexual abuse)/obscene material]. It is not necessary that [Name of Defendant] knew the exact content or actually saw/read the [(Specify Alleged Obscene Material) [specify alleged child (sexual abuse)/obscene material].

_______________

Statutory Authority: 21 O.S. Supp. 2000 2025, § 1021.2.

Notes on Use

For the definition of child pornography sexual abuse material, see OUJI-CR 4-139, infra.

 

Committee Comments

Possession of obscene material is not a lesser included offense of possession of child pornography sexual abuse material, if there is no factual issue concerning the involvement of a child under 18. Schultz v. State, 1991 OK CR 57811 P.2d 1322

The last paragraph of the instruction is required by Hanf v. State, 1977 OK CR 41560 P.2d 207Trim v. State, 1996 OK CR 1909 P.2d 841Davis v. State, 1996 OK CR 15916 P.2d 251See the Committee Comments to OUJI-CR 4-133, supra.

OUJI-CR 4-138A
RAPE AND SEX CRIMES -- CONSENT OF MINOR

You are instructed that as a matter of law a minor under the age of fourteen/sixteen eighteen is incapable of giving consent/agreement to engaging in sexual conduct which is otherwise prohibited by law and the agreement/consent of such minor to such activity should be disregarded by you in determining the question of the defendant's guilt.

Notes on Use

This instruction is appropriate for rape and other sex crimes when the victim is a child below a particular age. This age is fourteen for prosecutions for rape in the first degree and sixteen eighteen for prosecutions for rape in the second degree and other sex crimes. See 21 O.S. 2011 2021 & Supp. 2017 2025, §§ 1111-1114.

Committee Comments

The Oklahoma Court of Criminal Appeals held in Kimbro v. State, 1990 OK CR 4857 P.2d 798Slaughterback v. State, 1979 OK CR 28594 P.2d 780

OUJI-CR 4-139
RAPE AND SEX CRIMES - DEFINITIONS

Child Pornography - Any (visual depiction/(individual image) stored/contained in any format on any medium including, but not limited to, film/(motion picture)/videotape/photograph/ negative/(undeveloped film)/slide/(photographic product)/(reproduction of a photographic product) /play/performance in which a child under the age of 18 years (is engaged with any person, other than his/her spouse in)/observes any (act of sexual intercourse, which is normal or perverted)/(act of anal sodomy)/(act of sexual activity with an animal)/(act of sadomasochistic abuse, including flagellation/torture/[the condition of being fettered/ bound/(physically restrained) in the context of sexual conduct])/(act of fellatio/cunnilingus)/ (act of excretion in the context of sexual conduct)/[(lewd exhibition of the uncovered genitals in the context of masturbation/(sexual conduct)])/(lewd exhibition of the (uncovered genitals)/buttocks/(the breast of a female minor) where the lewd exhibition has the purpose of sexual stimulation of the viewer).

Note -- 21 O.S. Supp..2025, § 1024.1 was amended in 2024 to change "child pornography" to "child sexual abuse material."

Child Sexual Abuse Material - Child sexual abuse material means:

(1) Any visual depiction of a child engaged in any act of sexually explicit conduct;

OR

(2) Any visual depiction of a child that has been adapted, altered, or modified so that the child depicted appears to be engaged in any act of sexually explicit conduct;

OR

(3) Any visual depiction that appears to be a child, regardless of whether the image is a depiction of an actual child, a computer-generated image, or an image altered to appear to be a child, engaged in any act of sexually explicit conduct, and such visual depiction is obscene.

Reference: 21 O.S. 2011 & Supp. 2016 2025, § 1024.1.

Force - Force means any force, no matter how slight, necessary to accomplish the act without the consent of the victim. The force necessary to constitute an element need not be actual physical force since fear, fright or coercion may take the place of actual physical force.

Reference: 21 O.S. Supp. 2016 2021, § 111.

Inanimate Object - Not having the qualities associated with active, living organisms.

Genitals or Genitalia - The external sex organs.

Harmful to minors - That quality of any description/exhibition/presentation/representation, in whatever form, of nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) when the material/performance, taken as a whole, has the following characteristics:

(1) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance has a predominant tendency to appeal to a prurient interest in sex to minors, and

(2) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance depicts/describes nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and

(3) the material/performance lacks serious literary, scientific, medical, artistic, or political value for minors,

OR

Any description/exhibition/presentation/representation, in whatever form, of inappropriate violence.

Reference: 21 O.S. 2011 Supp. 2025, § 1040.75.

Knowing or Knowingly - Being aware of the existence of facts that cause the act to be criminal in nature. A person need not be aware of the applicable law to do an act "knowingly," but only need to be aware of the applicable facts.

Lascivious - Characterized by or expressing lust or lewdness.

Law Enforcement Activity - A person engages in "Law Enforcement Activity" when acting under the direction of the courts or the direction or supervision of a law enforcement agency while investigating criminal activity.

Reference: 21 O.S. 2011 Supp. 2025, § 1021.1.

Lewd - Obscene, lustful, indecent, lascivious, lecherous.

Reference: 21 O.S. 2011, § 1030(6).

Obscene Material - Any representation, performance, depiction or description of sexual conduct in any form or on any medium including (still/undeveloped photographs)/(motion pictures)/(undeveloped film)/videotape/(optical/magnetic/(solid state) storage)(purely photographic product)/(reproduction of a photographic product in any book/pamphlet/magazine/publication).(electronic/photo-otical format):

First, in which there are depictions/descriptions of sexual conduct which are patently offensive as found by the average person applying contemporary community standards;

Second, which, taken as a whole, has as the dominant theme an appeal to prurient interest, as found by the average person applying contemporary community standards; and

Third, which a reasonable person would find that the material/performance when taken as a whole lacks serious literary, artistic, educational, political, or scientific purposes or value.

Obscene - Any performance or depiction, in any form or on any medium if, taken as a whole:

(1) appeals to the prurient interest in sex as determined by the average person applying the contemporary standards of their community;

(2) depicts, represents, or displays sexually explicit conduct in a patently offensive way; and

(3) a reasonable person would find the material or performance lacks serious literary, artistic, educational, political, or scientific value.

Reference: 21 O.S. 2011 & Supp. 2016 2025, § 1024.1.

Performance - Any display, live or recorded, in any form or medium.

Reference: 21 O.S. 2011 & Supp. 2016 2025, § 1024.1.

Private Parts - The genitals or sex organs.

 

Sexual Sexually Explicit Conduct -- Acts of sexual intercourse including any intercourse which is normal or perverted, actual or simulated. Any of the following, whether actual or simulated.:

acts of sexual intercourse;

OR

Acts acts of deviate sexual conduct, incluing oral and anal sodomy.

OR

Acts acts of masturbation.

OR

acts of sexual activity with an animal;

OR

Acts acts of sadomasochistic abuse sadomasochism including but not limited to:

(1) flagellation/torture by/upon any person who is nude/[clad in undergarments/(costume which is of a revealing nature)], or

(2) the condition of being fettered/bound/(physically restrained) on the part of one who is nude/[clad in undergarments/(costume which is of a revealing nature)].

OR

Acts acts of excretion in a sexual context.

OR

Acts of exhibiting human genitals genitalia, breast, or pubic areas area for the purpose of the sexual stimulation of the viewer.

[Sexual conduct includes acts performed alone/(between members of the same/opposite sex)/(between humans and animals) in an act of apparent sexual stimulation/gratification.]

Reference: 21 O.S. Supp. 2025, § 1024.1.

Visual Depiction - any depiction/picture/movie/performance/image displayed/stored/shared/ transmitted in any format and on any medium including data that is capable of being converted into a/an depiction/picture/movie/performance/image.

Reference: 21 O.S. Supp. 2025, § 1024.1.

Reference: 21 O.S. 2011 & Supp. 2016, § 1024.1.

OUJI-CR 6-2
DRUG OFFENSES: DISTRIBUTING - ELEMENTS

No person may be convicted of distributing a controlled dangerous substance unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly/intentionally;

Second, distributing/(transporting with the intent to distribute)/([soliciting the use]/[using the services] of a person less than 18 years of age to cultivate/distribute/manufacture/(attempt to manufacture);;

Third, the controlled dangerous substance of [Name of Substance].

______________________________

Statutory Authority: 63 O.S Supp. 1995 2025, § 2-401(A)(1).

.

 

Committee Comments

Section 2-401(A)(1) prohibits unlawful transfer and delivery of the controlled dangerous substances defined in Schedules I through V of Article II of the Uniform Controlled Substances Act, enacted in 1971. Schedules I through V are codified at 63 O.S. 1991 & Supp. 1995 2021 & Supp. 2024, §§ 2-203 through 2-212. The statute prescribes no minimum quantity of any contraband substances that must exist in order to invoke the statutory prohibitions. The State is not required to establish that any traceable or specific usable quantity of a prohibited narcotic substance was involved. The quantity of the drug involved need not be sufficient to produce a stimulating or depressing effect on the nervous system, so long as the substance is within the statutory proscription of controlled dangerous substances. Whitehorn v. State, 1977 OK CR 65, 561 P.2d 539(Okl. Cr. 1977); Cox v. State, 1976 OK CR 156, 551 P.2d 1125(Okl. Cr. 1976); Spriggs v. State, 1973 OK CR 275, 511 P.2d 1139(Okl. Cr. 1973); Doyle v. State, 1973 OK CR 282, ¶ 11, 511 P.2d 1133(Okl. Cr. 1973).

It must be noted that the statutory language, which prohibits distributing illegal narcotic substances, does not specifically refer to "sale" as a proscribed type of transfer. The statutory definitions of these transactions, set forth at 63 O.S. Supp. 1995 2024, § 2-101, illustrate the legislative intent to incorporate the sale of unlawful drugs into the described conduct while not requiring the element of compensation. For example, "distribute" is defined at 63 O.S. Supp. 1995 2024, § 2-101(12 15) as follows: "'Distribute' means to deliver other than by administering or dispensing a controlled substance." "Dispensing," defined at 63 O.S. Supp. 1995 2024, § 2-101(11 14), also incorporates use of the term "deliver," which is defined at 63 O.S. Supp. 1995 2023, § 2-101(10 13) as follows: "'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled dangerous substance, whether or not there is an agency relationship."

The statutory definition of "dispense" in 63 O.S. Supp. 1996 2024, § 2-101(11 14) is as follows:

"Dispense" means to deliver a controlled dangerous substance to an ultimate user or human research subject by or pursuant to the lawful order of a practitioner, including the prescribing, administering, packaging, labeling or compounding necessary to prepare the substance for such distribution. "Dispenser" is a practitioner who delivers a controlled dangerous substance to an ultimate user or human research subject."

After reviewing this definition, the Committee concluded that the inclusion of "dispense" in 63 O.S. Supp. 1996 2021, § 2-401 as a prohibited act was not appropriate, because "dispense" is clearly a lawful act based on the definition. Therefore, the Committee has eliminated "dispense" or "dispensing" from the list of unlawful acts included in OUJI-CR 6-2, 6-4, and 6-5.

Thus, the conduct prohibited by section 2-401(A)(1) includes not only dealing and selling, but also sharing with or dividing among persons any contraband drug. The element of compensation is immaterial. Goodner v. State, 1976 OK CR 29, 546 P.2d 653(Okl. Cr. 1976); Woodruff v. State, 1975 OK CR 62, 539 P.2d 28(Okl. Cr. 1975). A different rule applies to medical marijuana. 63 O.S. Supp. 2025, § 427.6(H)(3) provides that "[a]ny person who shares less than three grams of medical marijuana with an unauthorized person, without the transfer being for value or other consideration, shall not be subject to criminal prosecution...." Conduct falling within these parameters cannot constitute distribution under section 2-401(A)(1). 

The statutory definition of "distribute" precludes use of the "procuring agent" defense which once flourished in Oklahoma. See Yetter v. State, 1974 OK CR 193, 528 P.2d 345(Okl. Cr. 1974); Posey v. State, 1973 OK CR 108, 507 P.2d 576(Okl. Cr. 1973); Jones v. State, 1971 OK CR 27, 481 P.2d 169(Okl. Cr. 1971). As delineated in those decisions, the "procuring agent" defense was available where an individual acted solely in the capacity of an agent for the purchaser or recipient in a narcotics transaction, and had neither a part in prearranging the sale on behalf of the seller nor a personal or financial interest in the sale. The underlying theory was that the agent of the buyer or recipient who acted in no capacity other than that of agency did not partake in a transaction tantamount to a sale, barter, exchange, or gift, all of which were prohibited by the narcotics laws at that time. The protection of the "procuring agent" defense did not extend to the agent of the seller.

Statutory revision of the narcotics laws in 1971 rendered the agency issue irrelevant. Tipton v. State, 1974 OK CR 210, ¶ 5, 528 P.2d 1115(Okl.Cr. 1974). See also Banks v. State, 1982 OK CR 176, ¶ 4, 654 P.2d 631(Okl.Cr. 1982). Any person who unlawfully distributes a dangerous controlled substance, regardless of agency or personal or financial stake in the transaction, is within the purview of section 2-401(A)(1). Crow v. State, 1976 OK CR 138551 P.2d 279(Okl. Cr. 1976); Harwood v. State, 1975 OK CR 233, 543 P.2d 761(Okl. Cr. 1975); Yetter, supra.

Although it is axiomatic that in every case the possession of a controlled substance by the defendant precedes the actual distribution of the drug, or the intent to distribute, an instruction on the lesser included offense of simple possession, as delineated at 63 O.S. Supp. 1996 2024, § 2-402, is not warranted in every case. Rather, the evidence must reasonably tend to prove that the defendant's contact with a proscribed drug constituted simple possession, and must not raise the inference that the defendant's conduct constituted either distribution, intent to distribute, or no crime at all. For example, in McKee v. State, 1975 OK CR 17, 531 P.2d 343(Okl. Cr. 1975), the defendant urged on appeal from his conviction for unlawful distribution of marijuana that the trial court's refusal to instruct the jury concerning the lesser included offense of possession was error. Upon reviewing the record, the Court of Criminal Appeals noted that the State's evidence proved the defendant to be guilty of unlawful distribution of marijuana, or of nothing at all, whereas the defendant's evidence, if credited, established that the defendant merely happened to be in the vicinity of a narcotics transaction, unaware of the presence of the unlawful drug and lacking any dominion or control of it. The court held such evidence insufficient to support a conviction for simple possession, and affirmed the refusal to give an instruction inapposite to the proof adduced at trial. See also Wilson v. State, 1977 OK CR 275, 568 P.2d 1323(Okl. Cr. 1977); King v. State, 1977 OK CR 136, 562 P.2d 902(Okl. Cr. 1977); Capehart v. State, 1977 OK CR 34, 559 P.2d 861(Okl. Cr. 1977); Massengale v. State, 1976 OK CR 265, 556 P.2d 282(Okl. Cr. 1976); Price v. State, 1976 OK CR 22, 546 P.2d 632(Okl. Cr. 1976); Morgan v. State, 1976 OK CR 21, 545 P.2d 1265(Okl. Cr. 1976).

OUJI-CR 6-4
DRUG OFFENSES: POSSESSION WITH INTENT TO
MANUFACTURE/DISTRIBUTE 
- ELEMENTS

No person may be convicted of possession with intent to manufacture/distribute a controlled dangerous substance unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowing and intentional;

Second, possession;;

Third, of the controlled dangerous substance of [Name of Substance];

Fourth, with an intent to manufacture/distribute [Name of Substance]..

______________________________

Statutory Authority: 63 O.S Supp. 2000 2025, § 2-401(A)(1).

.

 

Committee Comments

The gravamen of the possession offense defined in section 2-401(A)(1) is dual: (1) knowing and intentional possession, and (2) specific intent. These elements are distinct and independent; neither can be proved by presumption. Brown v. State, 1971 OK CR 55481 P.2d 475

The parameters of the element of "possession" have been refined by the Court of Criminal Appeals through a series of decisions. Brown, supra, established that the bare fact of physical proximity between the defendant and the contraband was insufficient to establish the "dominion and control" requisite to a finding of possession. The court stated:

Guilty knowledge and control cannot be presumed. Defendant did not have the burden of establishing lack of knowledge or control. There must be some link or circumstance in addition to the presence of the marijuana which indicates defendant['s] knowledge of its presence and his control of it. Absent this additional independent factor the evidence is insufficient to support conviction.

Id. ¶ 12, 481 P.2d at 477. See also McCarty v. State, 1974 OK CR 158525 P.2d 1391Sturgeon v. State, 1971 OK CR 128483 P.2d 335

The seminal case delineating the parameters of the requirement of possession is Staples v. State, 1974 OK CR 208528 P.2d 1131

(1) Actual physical custody of a controlled substance is not required; the State meets the requisite burden of proof by demonstrating constructive possession of a narcotic substance. Constructive possession entails both knowledge of its presence as well as the power and intent to control its use or disposition. The element of possession is established where contraband is found on premises possessed by the defendant and under his exclusive control. (2) Possession need not be exclusive. An individual may be deemed to be in "joint possession" of a drug which is in the physical custody of a companion, if the two willfully and knowingly share the right to control the narcotic substance. (3) As held in Brown, however, mere proximity to contraband is insufficient to establish control. Whether the State alleges sole or joint possession, evidence in addition to the defendant's presence at a place where narcotics are possessed or used must be adduced to demonstrate knowledge and control. (4) Since the mens rea aspect of knowing possession is rarely susceptible of direct proof, the defendant's knowledge and right of control may be established by circumstantial evidence. Circumstantial proof may permit an inference of knowledge and control that is sufficient to permit the case to go to the jury. (5) Although the court declared in Brown that mere presence, absent additional independent factors, is insufficient to raise an inference of knowledge and control, such independent factors may be plumbed from a variety of sources, such as the defendant's incriminating statements or conduct, or prior police investigation. However, the threshold test of independent factors remains unfulfilled where the only factor adduced in addition to the defendant's physical proximity to the narcotic substance is the fact that the drug was located in an extremely confined area such as the interior of a motor vehicle.

See also Miller v. State, 1978 OK CR 54579 P.2d 200Hishaw v. State, 1977 OK CR 276568 P.2d 643Clarkson v. State, 1974 OK CR 217529 P.2d 542

The element of possession may be established, however, regardless of the insufficiency of the State's proof of dominion and control, by the defendant's evidence during trial. Johnson v. State, 1977 OK CR 188564 P.2d 664overruled on other grounds, Omalza v. State, 1996 OK CR 80, n.29, 911 P.2d 286Walker v. State, 1973 OK CR 369512 P.2d 208

In addition to possession, the specific intent of the defendant to distribute or dispense the contraband substance must be established. The element of specific intent to disseminate the drugs possessed involves a question of fact to be determined by the jury. In many instances, the sheer quantity of the narcotic substance found, as well as the presence of sale paraphernalia, or the fact of individual packaging, is deemed sufficient circumstantial evidence of intent to allow presentation of the case to the jury. King v. State, 1977 OK CR 136562 P.2d 902Massengale v. State, 1976 OK CR 265556 P.2d 282Davis v. State, 1973 OK CR 416514 P.2d 1195Reynolds v. State, 1973 OK CR 284511 P.2d 1145

A different rule applies to medical marijuana. 63 O.S. Supp. 2025, § 427.6(H)(3) provides that "[a]ny person who shares less than three grams of medical marijuana with an unauthorized person, without the transfer being for value or other consideration, shall not be subject to criminal prosecution...."

OUJI-CR 6-5
DRUG OFFENSES: DISTRIBUTING/MANUFACTURING
UNDER SEC. 2-401(F) - ELEMENTS

No person may be convicted of distributing/manufacturing a controlled dangerous substance near a [Specify Location Listed in 63 O.S Supp. 2004 2025, § 2-401(F)] unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly/intentionally;

Second, (transporting with the intent to distribute)/distributing/ (possessing with the intent to distribute) /(manufacturing)/ (attempting to manufacture);

Third, the controlled dangerous substance of [Name of Substance];

OR

Third, [If Aggravated Manufacturing, Specify Name and Amount of Substance Listed in 63 O.S Supp. 2004 2025, § 2-401(G)(3)];

Fourth, to a person in/on/(within 2,000 feet of) [the real property comprising] [Specify Location Listed in 63 O.S Supp. 2004 2025, § 2-401(F)].

______________________________

Statutory Authority: 63 O.S Supp. 2004 2025, § 2-401(F).

.

 

Committee Comments

63 O.S. Supp. 2025, § 427.6(H)(3) provides that "[a]ny person who shares less than three grams of medical marijuana with an unauthorized person, without the transfer being for value or other consideration, shall not be subject to criminal prosecution...." Likewise, 63 O.S. Supp. 2025, §§ 420, et seq., authorize the cultivation and/or manufacturing of medical marijuana.

OUJI-CR 6-6
DRUG OFFENSES: POSSESSION - ELEMENTS

No person may be convicted of possession of a controlled dangerous substance unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowing and intentional;

Second, possession;

Third, of the controlled dangerous substance of [Name of Substance];

______________________________

Statutory Authority: 63 O.S Supp. 2000 2025, § 2-402(A).

.

 

Committee Comments

Section 2-402(A) defines the offense of simple possession, often a lesser included offense of the crimes delineated in section 2-401(A)(1). The element of knowing and intentional possession must be established by the State in accordance with the guidelines articulated by the Court of Criminal Appeals in Staples v. State, 1974 OK CR 208528 P.2d 1131supra. Possession of any quantity of contraband is sufficient to invoke the statutory prohibitions, regardless of whether the quantity was usable or capable of producing hallucinogenic effects. Whitehorn v. State, 1977 OK CR 65561 P.2d 539Cox v. State, 1976 OK CR 156551 P.2d 1125Spriggs v. State, 1973 OK CR 275511 P.2d 1139Doyle v. State, 1973 OK CR 282511 P.2d 1133

For a person in possession of a state-issued medical marijuana patient license, possession of marijuana within the limits established under 63 O.S. 2024, § 420(A) and (K) is legally authorized. See also 63 O.S. Supp. 2025, § 427.8(F) ("A medical marijuana patient or caregiver in actual possession of a medical marijuana license shall not be subject to arrest, prosecution, or penalty in an manner... for the medical use of marijuana in accordance with [63 O.S. 2025, § 420 et seq.].") Furthermore, 63 O.S. 2024, § 420(B) establishes that possession of marijuana in specified quantities by a person "who can state a medical condition but is not in possession of a state-issued medical marijuana patient license" is a "misdemeanor offense not subject to imprisonment but punishable by a fine not to exceed Four Hundred Dollars ($400)."

OUJI-CR 6-7
DRUG OFFENSES: DRUG PARAPHERNALIA
- ELEMENTS

No person may be convicted of use/possession/delivery/manufacture of drug paraphernalia unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly/intentionally;

Second, using/possessing drug paraphernalia;

Third, to plant/propagate/cultivate/grow/harvest/manufacture/ compound/ convert/produce/process/prepare/test/analyze/pack/repack/store/ contain/conceal/ingest/inhale/(introduce into the human body);

Fourth, the controlled dangerous substance of [Name of Substance];

OR

First, delivering/possessing/manufacturing drug paraphernalia;

Second, knowing that it was to be used;

Third, to plant/propagate/cultivate/grow/harvest/manufacture/ compound/ convert/produce/process/prepare/test/analyze/pack/repack/store/ contain/conceal/ingest/inhale/(introduce into the human body);

Fourth, the controlled dangerous substance of [Name of Substance].

OR

First, delivering drug paraphernalia;

Second, to a person under 18 years of age;

Third, who was at least 3 years younger than the defendant;

Fourth, knowing that it was to be used;

Fifth, to plant/propagate/cultivate/grow/harvest/manufacture/ compound/ convert/produce/process/prepare/test/analyze/pack/repack/store/ contain/conceal/ingest/inhale/(introduce into the human body);

Sixth, the controlled dangerous substance of [Name of Substance].

______________________________

Statutory Authority: 63 O.S Supp. 2000 2025, § 2-401(F).

.

 

Notes on Use

For the definition of drug paraphernalia, see OUJI-CR 6-16, infra.

Committee Comments

63 O.S. Supp. 2025, § 423(E) states that "[a]ny device used for the processing or consumption of medical marijuana shall be considered legal to be sold, manufactured, distributed and possessed" and further states that "no... individual may be... prosecuted for selling, manufacturing or possessing marijuana paraphernalia." 

OUJI-CR 6-9
DRUG OFFENSES: CULTIVATION - ELEMENTS

No person may be convicted of cultivation/production/(knowingly permitting the cultivation/production/[wild growing]) of any species of plant from which a controlled dangerous substance is derived unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly;

Second, cultivating/producing/(permitting the cultivation/production/[wild growing] of);

Third, any species of plant from which is derived the controlled dangerous substance of [Name of Substance];

Fourth, on land owned/(controlled by) the defendant.

______________________________

Statutory Authority: 63 O.S Supp. 2000 2021, § 2-509.

.

 

Committee Comments

Although relatively few reported judicial decisions have construed the provisions of section 2-509, the Court of Criminal Appeals has determined that, given the legislative intent in enacting the statute wholly to prohibit cultivation of certain species of plants, particularly marijuana, its proscriptions extend to forbidden plants grown in greenhouses, window boxes, pots, and upstairs-apartment rooftop gardens, as well as those cultivated in the soil. Capehart v. State, 1977 OK CR 34559 P.2d 861Box v. State, 1975 OK CR 194541 P.2d 262

63 O.S. Supp. 2025, § 420(A) and (K) authorize the possession of specified numbers of marijuana plants by any person in possession of a state issued medical marijuana license and/or a caregiver license. 63 O.S. Supp. 2025, §§ 422, 423 authorize the commercial growing and processing of medical marijuana under regulations established by the Oklahoma Medical Marijuana Authority

OUJI-CR 6-10
DRUG OFFENSES - MARIJUANA DEFINED

The controlled dangerous substance of marijuana includes all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks [except the resin extracted therefrom], fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination [set out the applicable exceptions in (31) (a-h)].

The substance "Cannabis Sativa L." includes all forms, varieties, and species of the plant genus "cannabis".

______________________________

Statutory Authority: 63 O.S. Supp. 2000 2025, § 2-101(23 31).

Committee Comments

This instruction conforms to the suggestions articulated by the Court of Criminal Appeals in several cases. Goodner v. State, 1976 OK CR 29546 P.2d 653Winters v. State, 1976 OK CR 4¶ 21, 545 P.2d 786, 791 ("IT]he term 'cannabis sativa L.' used in defining marihuana in Section 2-101(19) of the Uniform Controlled Dangerous Substances Act includes all forms, varieties, and species, heretofore or hereinafter classified, of the plant genus cannabis."). In both cases, the defendants argued that the State had failed to sustain its burden of proof in charging offenses concerning marijuana, because the expert witnesses at trial established only that tetrahydrocannibinol (THC) was identified in the substance within the defendant's possession, and that the substance was cannabis, without specifically identifying the substance in the statutory terms of "cannabis sativa." The court rejected this argument, and declared that, so long as the State establishes that the substance in question is a proscribed portion of the plant cannabis, and further establishes that the substance tests positive for the presence of THC, the State's evidence is sufficient to sustain its burden of proof.

 

OUJI-CR 6-11
DRUG OFFENSES: DRUG POSSESSION DEFINED

The law recognizes two kinds of possession, actual possession and constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power and the intention at a given time to exercise dominion or control over a thing, is then in constructive possession of it.

The possession prohibited by the law is not only that of actual physical custody of a controlled dangerous substance but also the constructive possession of it.

[The law recognizes that possession may be sole or joint. In other words, possession need not be exclusive. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, their possession is joint. A person may be deemed to be in joint possession of a controlled dangerous substance which is in the physical custody of an associate if he/she willfully and knowingly shares with that other person the right to control the disposition or use of such substance.]

However, mere proximity to a substance is insufficient proof of possession. There must be additional evidence of the defendant's knowledge and control. Such knowledge and control may be established by circumstantial evidence. Each fact necessary to prove the guilt of the defendant must be established by the evidence beyond a reasonable doubt. All of the facts and circumstances, taken together, must establish to your satisfaction the defendant's knowledge and control beyond a reasonable doubt.

If you find from the evidence beyond a reasonable doubt that the defendant, either alone or jointly with another, had constructive possession of [Specify Controlled Dangerous Substance] then you may find that such substance was in the possession of the defendant within the meaning of the word "possession" as used in these instructions.

Notes on Use

This instruction should be used if there is evidence that the defendant had constructive, rather than actual, possession of a controlled dangerous substance. The fifth paragraph should be given only if there is evidence that the defendant had joint possession of the controlled dangerous substance.

Committee Comments

The Oklahoma Court of Criminal Appeals summarized the principles of constructive possession of drugs in Staples v. State, 1974 OK CR 208528 P.2d 1131

It has been frequently held in this State that the possession prohibited by the drug laws need not be actual physical custody of the controlled substance; it is sufficient that the State prove the accused to have been in constructive possession of the contraband material by showing that he had knowledge of its presence and the power and intent to control its disposition or use. [Citations omitted.] Further, possession need not be exclusive; a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control the contraband. [Citation omitted.] We have, however, repeatedly held that proof of mere proximity to a prohibited substance is insufficient. Whether the case is tried on the theory of sole or joint possession, proof that the accused was present at a place where drugs were being used or possessed is, in and of itself, insufficient to justify a finding of possession. There must be additional evidence of knowledge and control. [Citations omitted.]

Guilty knowledge is rarely susceptible of direct proof. The fact that the accused knew of the presence of the contraband and had the right to control its disposition or use may be established by circumstantial evidence. [Citation omitted.] Nevertheless, it is the law of this jurisdiction that a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient. [Citation omitted.] We have held that circumstantial evidence which shows that a narcotic substance was found on premises possessed by the accused and under his exclusive control, permits an inference of knowledge and control of that substance which is sufficient to carry the case to the jury. [Citations omitted.]

See also Johnson v. State, 1988 OK CR 246764 P.2d 530Doyle v. State, 1988 OK CR 147759 P.2d 223Miller v. State, 1978 OK CR 54579 P.2d 200

In Easlick v. State, 2004 OK CR 2190 P.3d 556See also OUJI-CR 9-5, infra.

63 O.S. Supp. 2025, § 427.8(F) states that a "medical marijuana patient or caregiver in actual possession of a medical marijuana license shall not be subject to arrest, prosecution, or penalty in any manner? for the medical use of marijuana in accordance with [63 O.S. Supp. 2025, § 420 et seq.]." 

OUJI-CR 6-12
MAINTAINING A PLACE WHERE 
DRUGS ARE KEPT - ELEMENTS

No person may be convicted of maintaining a place where controlled dangerous substances are kept unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly or intentionally;

Second, keeping or maintaining;

Third, any store/shop/warehouse/(dwelling house)/building/vehicle/boat/ aircraft/place;

Fourth, (where persons using controlled dangerous substances in violation of the law often/customarily/generally go for the purpose of using such substances)/(used for the keeping or selling of controlled dangerous substances in violation of the law).

The phrase "keeping or maintaining" as used in this instruction requires the defendant to have control/ownership/management of the residence/structure/vehicle, as distinguished from other persons resorting to it to buy/use controlled dangerous substances in violation of the law.

A conviction of the crime of maintaining a place where controlled dangerous substances are kept requires that the activity giving rise to the charge must be more than a single, isolated activity. Rather, the term implies an element of some degree of habitualness.

A conviction of the crime of maintaining a place where controlled dangerous substances are kept requires that a substantial purpose, and not necessarily the sole purpose, of the residence/ structure/vehicle is for (the keeping or selling of controlled dangerous substances)/(the using of by persons resorting to the place for using controlled dangerous substances in violation of the law).

The mere possession of limited quantities of a controlled dangerous substance by the person keeping or maintaining the residence/structure/vehicle for that person's personal use within that residence/structure/vehicle is insufficient to support a conviction of the crime of maintaining a place where controlled dangerous substances are kept.

______________________________

Statutory Authority: 63 O.S. Supp. 2000 2025, § 2-404(A)(6).

.

 

Committee Comments

In Meeks v. State, 1994 OK CR 20872 P.2d 936See also Howard v. State, 1991 OK CR 76815 P.2d 679

63 O.S. Supp. 2025, § 420 (A) and (K) authorizes the possession or use of medical marijuana. 

OUJI-CR 6-16
DRUG OFFENSES - DEFINITIONS

Cultivating - Note: See Committee Comments at OUJI-CR 6-9.

Dispensing - Delivering a controlled dangerous substance to an ultimate user or human research subject by or pursuant to the lawful order of a practitioner.

Reference: 63 O.S. Supp. 2001 2025, § 2-101(11 14).

Distribute - "Distribute" means to deliver other than by administering or dispensing a controlled dangerous substance.

Reference: 63 O.S. Supp. 2001 2025, § 2-101(12 15).

Drug Paraphernalia - Any kind of equipment, products, or materials that are used/(intended for use) in planting/propagating/cultivating/growing/harvesting/manufacturing/compounding/converting/producing/processing/preparing/testing/analyzing/packaging/repackaging/storing/containing/concealing/injecting/ingesting/ inhaling/(introducing into the body) a controlled dangerous substance. It includes, but is not limited to [Specify Applicable Item Listed in 63 O.S. 2001 Supp. 2025, § 2-101(36 18)]. [However, drug paraphernialia paraphernalia does not include (Specify Applicable Item Listed at the End of 63 O.S. 2001 Supp. 2024, §2-101(36 18)).]

Reference: 63 O.S. 2001 Supp. 2025, § 2-101(36 18). Note -- The last bracketed sentence should be given only when applicable.

Endeavoring - Endeavoring means any effort to do or accomplish the evil purpose that the law was enacted to prevent.

References: United States v. Russell, 255 U.S. 138, 143 (1921); United States v. Ogle, 613 F.2d 233, 241-42 (10th Cir. 1979).

Knowing - Being aware of the existence of facts that cause the act or omission to be criminal in nature. A person need not be aware of the applicable law to do an act "knowingly," but only needs to be aware of the applicable facts.

Reference: 21 O.S. 2001 2021, § 96.

Manufacturing - Production, preparation, propagation, compounding, or processing a controlled dangerous substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis; or a combination of extraction and chemical synthesis.

Reference: 63 O.S. Supp. 2001 2025, § 2-101(22 30).

Possession - Actual physical custody, or knowledge of the substance's presence, as well as power and intent to control its use or disposition.

References: Miller v. State, 1978 OK CR 54, 579 P.2d 200(Okl. Cr. 1978); Staples v. State, 1974 OK CR 208, 528 P.2d 1131(Okl. Cr. 1974). See also OUJI-CR 6-11, supra.

Willfully - Purposefully. Willfully does not require any intent to violate the law, or to injure another or to acquire any advantage.

Reference: 21 O.S. 2001 2021, § 92.

OUJI-CR 6-18
DRIVING A MOTOR VEHICLE (WHILE UNDER 
THE INFLUENCE OF ALCOHOL)/(WITH ALCOHOL CONCENTRATION OF .08 OR MORE) ELEMENTS

No person may be convicted of driving a motor vehicle (while under the influence of alcohol)/(with a blood/breath alcohol concentration of .08 or more) unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, driving;

Second, (with a blood/breath alcohol concentration of 0.08 or more)/(while under the influence of alcohol);

Third, a motor vehicle; and

Fourth, on a (public road/street/highway/turnpike/place)/(private road/street/alley/lane which provides access to one or more single or multi family dwellings).

[Fifth, the blood/breath alcohol test was administered on a sample taken from the defendant (within 2 hours after arrest)/(as soon as practical after the fatality/injury accident).]

______________________________

Statutory Authority: 47 O.S. 2011 Supp. 2025, §§ 11 101, 11 902.

Notes on Use

The Fifth Element should be read only for prosecutions under (A)(1). Read literally, section 11-902(A)(1) would make it a crime for a person to have a blood or breath alcohol concentration of .08 or more at the time of a test administered within two hours after a person's arrest, even if the arrest occurred long after the person had ceased driving and there was evidence that the person had consumed additional alcohol between the driving and the time of the test. To avoid such a result, the Committee has drafted the instruction to require a nexus between the driving and the excessive blood or breath alcohol concentration. In Sanders v. State, , ¶ 15, , 1050, the Oklahoma Court of Criminal Appeals held that section 11-902(A)(1) applied in a situation where a defendant is arrested at an accident scene or soon after an accident, but not where the arrest occurs long after the accident.

Driving under the influence of alcohol must be defined if the prosecution is under 47 O.S. 2011 Supp. 2025, § 11 902(A)(2). Bernhardt v. State, 1986 OK CR 76719 P.2d 832infra. The Bernhardt case also held that driving while impaired is a lesser included offense for driving under the influence of alcohol. 1986 OK CR 76

The instruction on sentencing (see OUJI CR 10 13, infra) should include the sentencing options for alcohol treatment and community services that are provided for in 47 O.S. 2011 Supp. 2025, § 11 902(A)(1). See Hicks v. State, 2003 OK CR 1070 P.3d 882

Committee Comments

Section 11-902 was amended in 2025 by Senate Bill No. 54 and also by House Bill No. 2104. See Laws 2025, SB 54, c. 347, eff. November 1, 2025, and Laws 2025, HB 2104, c. 486, eff. January 1, 2026 The Committee recognizes that the later amendment controls over an earlier amendment if they are in conflict. The Committee concludes, however, that the provisions which differ between the two amendments are not in conflict with respect to the elements of driving under the influence because the legislative intent of the House Bill was not to change these elements, but only the punishment.

OUJI-CR 10-13D
RETURN OF VERDICT -- DRIVING UNDER THE INFLUENCE OF ALCOHOL/(AN INTOXICATING SUBSTANCE)

If you find beyond a reasonable doubt that the defendant committed the crime of driving under the influence of alcohol/(an intoxicating substance), you shall return a verdict of guilty by marking the Verdict Form appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of driving under the influence of alcohol/(an intoxicating substance), or you find that the State has failed to prove each element of driving under the influence of alcohol/(an intoxicating substance) beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

If you find the defendant guilty, the court shall order the defendant to participate in an alcohol and drug substance abuse evaluation and assessment program offered by a certified assessment agency or certified assessor for the purpose of evaluating and assessing the defendant's receptivity to treatment and prognosis. 

In addition, you shall then determine the proper punishment. The crime of driving under the influence of alcohol/(an intoxicating substance) is punishable by:

1. Following all the recommendations made in the assessment and evaluation; 

1. 2. Imprisonment in jail for not less than ten days nor more than one year, and

2. 3. A fine of not more than One Thousand Dollars.

In addition, the defendant will be required to obtain an alcohol and drug substance abuse evaluation and follow all the recommendations made in the evaluation.

When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of driving under the influence of alcohol/(an intoxicating substance) and return the verdict to the Court.

OR

[For a Second Offense]

If you find beyond a reasonable doubt that the defendant committed the crime of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance), you shall return a verdict of guilty by marking the Verdict Form appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance), or you find that the State has failed to prove each element of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance) beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance), you shall then determine the proper punishment.

If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence of alcohol/(an intoxicating substance), the defendant shall be required to obtain an alcohol and drug substance abuse evaluation. court shall order the defendant to participate in an alcohol and drug substance abuse evaluation and assessment program offered by a certified assessment agency or certified assessor for the purpose of evaluating and assessing the defendant's receptivity to treatment and prognosis. 

In addition, you shall determine the proper punishment. The crime of driving under the influence after a previous conviction of driving under the influence is punishable by:

1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense; and/or

2. Placement Imprisonment in the custody of the Department of Corrections for not less than one year nor more than five seven years, and a fine of not more than Two Thousand Five Hundred Dollars; or and.

3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.

If the recommendations made in the assessment and evaluation for treatment do not include residential or inpatient treatment for a period of not less than at least five days, the defendant shall serve a term of imprisonment of at least five days.

When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of driving under the influence of alcohol/(an intoxicating substance) after a previous conviction of driving under the influence and return the verdict to the Court.

OR

[After a Felony Conviction]

If you find beyond a reasonable doubt that the defendant committed the crime of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence of alcohol/(an intoxicating substance), you shall return a verdict of guilty by marking the Verdict Form appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence of alcohol/(an intoxicating substance), or you find that the State has failed to prove each element of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence of alcohol/(an intoxicating substance) beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence, you shall then determine the proper punishment. If you find the defendant guilty of driving under the influence after a previous felony conviction of driving under the influence, the defendant shall be required to obtain an alcohol and drug substance abuse evaluation and assessment of the defendant's receptivity to treatment and prognosis. the court shall order the defendant to participate in an alcohol and drug substance abuse evaluation and assessment program offered by a certified assessment agency or certified assessor for the purpose of evaluating and assessing the defendant's receptivity to treatment and prognosis. 

In addition, you shall determine the proper punishment. The crime of driving under the influence after a previous felony conviction of driving under the influence is punishable by:

1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, two hundred forty hours of community service, and use of an ignition interlock device that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or and/or

2. Placement Imprisonment in the custody of the Department of Corrections for jail for not less than one year nor more than ten years, and a fine of not more than Five Thousand Dollars; or.

3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.

If the defendant does not undergo residential or inpatient treatment for at least ten days, the defendant shall serve a term of imprisonment of at least ten days.

When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of driving under the influence of alcohol/(an intoxicating substance) after a previous felony conviction of driving under the influence) and return the verdict to the Court.

OR

[After Two Felony Convictions]

If you find beyond a reasonable doubt that the defendant committed the crime of driving under the influence of alcohol/(an intoxicating substance) after two previous felony convictions of driving under the influence of alcohol/(an intoxicating substance), you shall return a verdict of guilty by marking the Verdict Form appropriately.

If you have a reasonable doubt of the defendant's guilt of the charge of driving under the influence of alcohol/(an intoxicating substance) after two previous felony convictions of driving under the influence of alcohol/(an intoxicating substance), or you find that the State has failed to prove each element of driving under the influence of alcohol/(an intoxicating substance) after two previous felony convictions of driving under the influence of alcohol/(an intoxicating substance) beyond a reasonable doubt, you shall return a verdict of not guilty by marking the Verdict Form appropriately.

If you find the defendant guilty of driving under the influence of alcohol/(an intoxicating substance) after two previous felony convictions of driving under the influence, you shall then determine the proper punishment. If you find the defendant guilty of driving under the influence after two previous felony convictions of driving under the influence, the defendant shall be required to obtain an alcohol and drug substance abuse evaluation and assessment of the defendant's receptivity to treatment and prognosis. the court shall order the defendant to participate in an alcohol and drug substance abuse evaluation and assessment program offered by a certified assessment agency or certified assessor for the purpose of evaluating and assessing the defendant's receptivity to treatment and prognosis. 

In addition, you shall determine the proper punishment. The crime of driving under the influence after two previous felony convictions of driving under the influence is punishable by:

1. Following all the recommendations made in the assessment and evaluation for treatment at the defendant's expense, followed by not less than one (1) year of supervision and periodic testing at the defendant's expense, four hundred eighty hours of community service, and use of an ignition interlock device for a minimum of thirty days that, without tampering or intervention by another person, will prevent the defendant from operating a motor vehicle if the defendant has a blood or breath alcohol concentration of two-hundredths (0.02) or greater; or and/or

2. Placement Imprisonment in the custody of the Department of Corrections for jail for not less than one year nor more than twenty years, and a fine of not more than Five Thousand Dollars; or .

3. Treatment, imprisonment and a fine within the limitations set out in paragraphs 1 and 2 above.

If the defendant does not undergo residential or inpatient treatment, the defendant shall serve a term of imprisonment of at least ten days.

When you have decided on the proper punishment, you shall fill in the appropriate space on the Verdict Form for the crime of driving under the influence of alcohol/(an intoxicating substance)/[(after a previous conviction of driving under the influence)/(after a previous felony conviction of driving under the influence)/( after two previous felony convictions of driving under the influence ) ] and return the verdict to the Court.

Statutory Authority: 47 O.S. 2021 Supp. 2025, § l 1-902(A)-(C).

Notes on Use

The trial judge should select the appropriate alternative for the first or subsequent offense for driving under the influence of alcohol. For an instruction for aggravated driving under the influence, see OUJI-CR 10-13E, infra.. Section 11-902 of title 47 of the Oklahoma Statutes was amended in 2025 by Senate Bill No. 54 and also by House Bill No. 2104. See Laws 2025, S.B. 54, c. 347, eff. November 1, 2025, and Laws 2025, H.B. 2104, c. 486, eff. January 1, 2026 The Committee concluded that the provisions in Senate Bill No. 54 dealing with punishment cannot be reconciled with the corresponding provisions in House Bill No. 2104, and the punishment provisions in House Bill No. 2104 are controlling, because it was enacted after Senate Bill No. 54.

OUJI-CR 9-47
EVIDENCE REFUSAL TO TAKE BLOOD/BREATH 
ALCOHOL TEST

Evidence has been introduced of the defendant's refusal to take a test to determine the blood alcohol level in his/her body at the time of his/her arrest. You must first determine whether this refusal is evidence of guilt.

To find that the defendant's refusal to take the blood/breath alcohol test is evidence of guilt, you must find beyond a reasonable doubt that:

First, the defendant refused the test,

Second, with a consciousness of guilt,

Third, in order to avoid arrest or conviction for the crime with which he/she is now charged.

[Note: If the defendant has offered evidence explaining the refusal, give the following: The defendant has offered evidence explaining his/her refusal to take the blood/breath alcohol test. You must consider this explanation in determining whether the defendant's refusal is evidence of guilt.]

If after a consideration of all the evidence on this issue, you find beyond a reasonable doubt that the defendant refused the blood/breath alcohol test with a consciousness of guilt in order to avoid arrest or conviction, then the defendant's refusal to take the blood/breath alcohol test is a circumstance which you may consider with all the other evidence in this case in determining the question of the defendant's guilt. However, if you have a reasonable doubt that the defendant refused the blood/breath alcohol test with a consciousness of guilt in order to avoid arrest or conviction, then the defendant's refusal to take the blood alcohol test is not a circumstance for you to consider.

Notes on Use

This limiting Instruction should be used if evidence of the defendant's refusal to take a blood or breath alcohol test is admitted. This Instruction is required in order to maintain consistency with the flight instruction and to avoid shifting the burden of proof to the defendant. Harris v. State, 1989 OK CR 15773 P.2d 1273In State v. Armstong, 2025 OK CR 3, ¶ 12, 564 P.3d 466, 469, the Court of Criminal Appeals clarified that this limiting instruction should be used for a defendant's refusal to take either a blood or a breath alcohol test.

Committee Comments

The Court of Criminal Appeals held in Harris v. State, 1989 OK CR 15773 P.2d 1273

OUJI-CR 9-13
EVIDENCE - NECESSITY FOR
CORROBORATION OF CONFESSIONS

[Should you find that a confession was made by the defendant and was made freely and voluntarily and in compliance with the rules of law set forth above, then you are instructed:] A confession alone does not justify a conviction unless it is corroborated, that is confirmed and supported by other evidence of the material and basic fact or facts necessary for the commission of the offense charged.

Unless you find that the confession, if made, is corroborated, you must disregard it.

Notes on Use

This instruction shall be given in all cases in which a defendant's extrajudicial confession has been admitted. Fontenot v. State, 1994 OK CR 42, ¶ 32. 881 P.2d 69(Okl. Cr. 1994). The introductory language in the first paragraph should be given only if there is a jury question as to the voluntariness of the defendant's confession so that OUJI-CR 9-12 is given.

Committee Comments

In Fontenot v. State, 1994 OK CR 42, ¶ 20, 881 P.2d 69(Okl. Cr. 1994), the Court of Criminal Appeals abandoned the prior corpus delicti rule that required substantial independent evidence of the corpus delicti of the crime charged in order for a defendant's confession to be competent to support a conviction. Following the United States Supreme Court's decision in Opper v. United States, 384 348 U.S. 84 (1954), the Court of Criminal Appeals decided that a confession may be considered by the jury if it is supported by substantial independent evidence that would tend to establish its trustworthiness. It also ruled that 21 O.S. 1991, § 693 prohibits the use of a confession in a homicide case to prove that a death occurred, but that a confession may be used to prove that the defendant killed the victim. 1994 OK CR 42, ¶ 32, n.15, 881 P.2d at 80, n.15.